(December 2, 1914.)

F. NETTIE RICE, as Treasurer and Ex-Officio Tax Collector of POWER COUNTY, Appellant, v. HENRY ROCK, Respondent.

[144 Pac. 786.]

TAX CERTIFICATE—TAX DEED—STATUTORY CONSTRUCTION—NOTICE—WHEN GIVEN.

1. Under the provisions of sec. 1763, Rev. Codes, as amended at the special session of the legislature (Laws 1912, p. 43), no purchaser or assignee of such purchaser of any land at a tax sale shall be entitled to demand a tax deed therefor until the notice therein required shall be given.

2. Under the provisions of sec. 1649, Rev. Codes, the levy of a tax has the same effect as a judgment and becomes a lien upon the property, which lien can only be divested by the payment of the tax or the sale of the property.

3. Under the provisions of sec. 1762, Rev. Codes, on filing the certificate of tax sale with the *ex-officio* auditor and recorder, the lien vests in the purchaser and is only divested by the payment to the county treasurer, on certificate of the auditor, for the use of the purchaser, of the whole amount of money paid for such certificate, together with interest thereon.

4. At the time said certificates were issued, the law did not require the giving of any notice to the owner of the property, but the legislature has authority to change the remedy provided for the enforcement of certificate contracts provided they do not impair the obligation of the contract, so long as the obligation of performance remains in full force.

5. Provision of said sec. 1763 which requires said notice to be given at least three months and not more than five months before the expiration of the term of redemption is directory.

6. A period of time in which said notice is required to be given was made for the purpose of ending the period in which redemption could be made and not for the purpose of divesting the holder of his lien on the property described in his tax sale certificate.

7. *Held,* that after the expiration of the three-year period and up to the time the notice is given, the owner may redeem the property from tax sale.

APPEAL from the District Court of the Fifth Judicial District for Power County. Hon. Alfred Budge, Judge.

Action to determine the right of a tax certificate holder to the deed without giving the notice required by sec. 1763, Rev. Codes, as amended. Judgment for plaintiff. *Reversed.*

J. H. Peterson, Atty. Gen., J. J. Guheen, T. C. Coffin, and E. G. Davis, Assts., and O. R. Baum, for Appellant.

Cases precisely similar to the case at bar have arisen in many jurisdictions in this country and without exception those jurisdictions now hold that it is incumbent upon the holder of a tax sale certificate, under such circumstances, to publish the notice required by the statute. (*Curtis v. Whitney,* 80 U. S. (13 Wall.) 68, 20 L. ed. 513; *Oullahan v. Sweeney,* 79 Cal. 537, 12 Am. St. 172, 21 Pac. 960; *Gage v. Stewart,* 127 Ill. 207, 11 Am. St. 116, 19 N. E. 702; *Herrick v. Niesz,* 16 Wash. 74, 47 Pac. 414; *State v. Krahmer,* 105 Minn. 422, 117 N. W. 780, 21 L. R. A., N. S., 157; *Coulter v. Stafford,* 56 Fed. 564, 6 C. C. A. 18.)

T. S. Becker and McDougall & Jones, for Respondent.

The plaintiff in this case, by virtue of the tax certificate, obtained a vested right in the property which could only be divested by the redemption from said sale by the owner of the lots within three years. (*Lawrence v. Defenbach,* 23 Ida. 78, 128 Pac. 81.)

The right of the owner and purchaser at a tax sale must both be governed by the law as it existed at the time of the sale. (Black on Tax Title, sec. 175; *Merrill v. Dearing,* 32 Minn. 479, 21 N. W. 721; *Johnson v. Taylor,* 150 Cal. 201,

119 Am. St. 181, 88 Pac. 903, 10 L. R. A., N. S., 818; *Teralta Land etc. Co. v. Shaffer,* 116 Cal. 518, 58 Am. St. 194, 48 Pac. 613; *Allen v. Allen,* 95 Cal. 184, 30 Pac. 213, 16 L. R. A. 646.)

The enforced sale of property on execution or for the non-payment of taxes, constitutes a contract with the purchaser which cannot be materially altered, without his consent. (*Lawrence v. Defenbach, supra; Welsh v. Cross,* 146 Cal. 621, 106 Am. St. 63, 81 Pac. 229, 2 Ann. Cas. 796.)

If the remedy afforded be qualified and restrained by conditions of any kind the right of the owner may indeed subsist and be acknowledged, but it is impaired and rendered unsecure according to the method and extent of such restrictions. (*Green v. Biddle,* 8 Wheat. (U. S.) 1, 5 L. ed. 547; *San Diego Inv. Co. v. Shaffer,* 137 Cal. 323, 70 Pac. 179.)

It is settled that all the laws of a state existing at the time a contract is made which affect the rights of the parties to the contract enter into and become a part of it, and are as obligatory upon all courts which assume to give a remedy on such contracts as if they were referred to or incorporated in the terms of the contract. (*Ford v. Durie,* 8 Wash. 87, 35 Pac. 595, 1082; *Stein v. Hanson,* 99 Minn. 387, 109 N. W. 821; 37 Cyc. 1452, and cases cited.)

Kansas has repeatedly held that the amendment of a statute of tax sale certificates cannot affect certificates previously issued. (*Richards v. Board of Commrs.,* 28 Kan. 326; *Coonradt v. Myers,* 31 Kan. 30, 2 Pac. 858; *Pounds v. Rodgers,* 52 Kan. 558, 39 Am. St. 360, 35 Pac. 223; *Morgan v. Board of Commrs.,* 27 Kan. 89.)

SULLIVAN, C. J.—This is an appeal from the judgment of the district court of Power county whereby the treasurer and *ex-officio* tax collector was directed to issue a treasurer's tax deed to the respondent Rock conveying to him certain town lots situated in the village of American Falls on tax sale certificates procured by said Rock at a tax sale duly held in said county on July 8, 1910, for taxes assessed against such lots for the year 1909.

It appears from the record that the respondent in the month of August, 1913, applied to the defendant as treasurer and *ex-officio* tax collector of said county for tax deeds to the several lots that he had purchased at said tax sale, and she refused to execute such deeds. Thereupon the respondent made application to the district court of the fifth judicial district for a writ of mandate to compel the appellant to execute such deeds. To said petition or complaint a demurrer was interposed and overruled by the court, and the defendant thereafter stood on her demurrer and refused to answer and the court thereafter heard certain proofs and made findings of fact and conclusions of law and entered judgment in favor of the respondent.

It appears from the record that the respondent had not complied with the requirements of sec. 1763 as amended at the special 1912 session of the legislature (Sess. Laws 1912, p. 43). That section provides, among other things, that thereafter no purchaser or assignee of such purchaser of any land at tax sale shall be entitled to a tax deed therefor until the notice therein required shall have been given as provided by said section, which notice, it is conceded, was not given in this case.

Counsel for appellant contends that said law as amended is applicable to the facts of this case even though the said land was sold for taxes long prior to the time that the act of 1912 went into effect; that it is necessary for the respondent to comply with the terms of said law in giving notice before she would be justified or authorized to execute the deeds demanded.

The question then directly presented to the court is whether under the law the respondent is required to give such notice as that statute requires before he is entitled to tax deeds. The law in force at the time said tax sale was made did not require any notice to be given of the application for a deed. Under the provisions of sec. 1649, Rev. Codes, the levy of a tax in this state has the same effect as a judgment and becomes a lien upon the property, which lien can only be divested by the payment of the tax or the sale of the property. Sec.

1762, Rev. Codes, transfers that right to the purchaser at the tax sale and creates a vested right and provides the method and manner by which such right may be divested. Sec. 1763 provides that a tax deed may issue at the expiration of three years to the owner of the certificate. Sec. 1770 limits the time for redemption to three years. The law in force at the time of said tax sale required nothing of the purchaser except to pay the amount of the purchase price, then to await the expiration of three years and pay to the treasurer two dollars for the deed. That is the procedure where the sale is made to a private party and not the county. Under the law, the respondent, by virtue of his tax certificate, obtained a vested right in said lots which could only be divested by redemption. But regardless of the provisions of said section of the statute, must the respondent give the notice provided for in said sec. 1763 as amended?

It is contended that said section imposed new obligations and duties on the owner of such tax certificate and the giving of such notice and the publication thereof in a newspaper where it is required will greatly enhance the cost of a tax deed over the cost under the law that was in force at the time said tax sales were made and certificates issued; that it places upon the certificate owner added burdens and obligations.

It is clear that in some cases the value of the property involved might be less than these added burdens forced on the certificate owner by said statute. But it is held by the great weight of authority that the legislature may pass a remedial statute providing for the different methods of enforcing a contract from that which the law required at the time the contract was entered into, and that a law that would deprive a party of all legal remedy on a contract or impose impossible conditions would be absolutely void. It was held in *Gage v. Stewart*, 127 Ill. 207, 11 Am. St. 116, 19 N. E. 702, that it is competent for the legislature in its discretion to regulate or change the methods of conducting the public business and to impose such restrictions and conditions on those having contracts with the state as public policy may demand, although such restrictions, conditions or changes may require

the observance of new forms by the officer or by the party to the contract, and that the exercise of such power is the same as that which may be exercised in respect to remedies for the enforcement of contracts which, within the limitation that the right itself shall not be impaired, is to be regarded as within the legislative control, and that "no new condition could be imposed requiring the payment of an additional consideration or that would hinder the purchaser or his assignees from acquiring title or extending the time of redemption."

In *Curtis v. Whitney,* 13 Wall. (U. S.) 68, 20 L. ed. 513, the supreme court of the United States had under consideration the Wisconsin statute which provided that a holder of a certificate of tax sale should give notice to whomever might be found in possession of the land before taking a deed. That statute is similar to the one under consideration, and in disposing of that case, the court said:

"That a statute is not void because it is retrospective has been repeatedly held by this court, and the feature of the act of 1867, which makes it applicable to certificates already issued for tax sales, does not of itself conflict with the constitution of the United States. Nor does every statute which affects the value of a contract impair its obligation. It is one of the contingencies to which parties look now in making a large class of contracts, that they may be affected in many ways by state and national legislation. For such legislation demanded by the public good, however it may retroact on contracts previously made, and enhance the cost and difficulty of performance, or diminish the value of such performance to the other party, there is no restraint in the federal constitution, so long as the obligation of performance remains in full force."

As bearing upon this question, see, also, *Coulter v. Stafford.* 56 Fed. 564, 6 C. C. A. 18; *State v. Krahmer,* 105 Minn. 422, 117 N. W. 780, 21 L. R. A., N. S., 157, and the authorities there cited.

Under the authorities above cited, it is made quite clear that the plaintiff must give the notice required by said sec.

1763, and that the provisions of said section do not impair the obligations of the contract entered into in the purchase of said tax certificate.

The next question presented is whether the provisions of said sec. 1763, which require the notice therein referred to to be given "at least three months and not more than five months before the expiration of the time of redemption of such sale" is mandatory or merely directory.

We are clearly of the opinion that said provisions are directory and not mandatory and that the certificate owner is not entitled to receive a deed under such certificate until he has given the required notice. It would certainly impair the obligation of the contract to forfeit the plaintiff's right to receive a deed under the law existing at the time said tax sales were made to him, since under that contract he had a lien upon the land or lots which could not be divested by an act of the legislature requiring him to give notice before receiving a deed from the proper officer. Under said statute the service of notice must be made as therein required before the issuance of a tax deed for property sold prior to the taking effect of the act, but that requirement of said section as to service of notice within a fixed period of time was made for the purpose of ending the period in which redemption could be made and not for the purpose of divesting the holder of the tax sale certificate of his right to a deed for all time. In other words, the holder of the tax certificate may give the notice required after the expiration of the three-year period and up to the time it is given the owner may redeem the property from such tax sale.

The judgment must therefore be reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion. Costs awarded to the appellant.

Truitt, J., concurs.