## THE SAFE. DEPOSIT AND TRUST COMPANY OF BALTIMORE, Trustee, In The Matter of the TRUST ESTATE OF RICHARD · SWANN, Deceased.

*Tax sales: Anne Arundel County; notice to owner; joint own-ers; co-tenants, not agents.*

Section 229 of Article 2 of the Code of Public Local Laws, relating to tax sales in Anne Arundel County, requires that *notice* be served upon the owner of the property, if this can be done under the prescribed conditions.            p. 522

This right of the owner to be notified does not depend upon his occupancy of the land, and if he is not in possession, notice must be delivered to him elsewhere in the district, if he is a resident of that locality.            p. 523

It is only when the owner can not be given personal notice, within the district, that the alternative method of notification can be resorted to.            p. 523

The law authorizes no discrimination, as to notice, in the case of plural ownership, and all who are charged with the taxes and own the land are entitled to a personal notice, before their rights can be affected by such a sale, provided they are within the reach of the service that the Act prescribes.    p. 523

As ownership, and not occupancy, is the basis of the provisions for the successive notices, the mere fact that one tenant in common is in possession does not deprive the other owners, resident in the same locality, of their right to be warned of the approaching sale of their property.            p. 523

The legal relationship between tenants in common does not imply agency on the part of a tenant in possession for the other co-tenant, with respect to notice of outstanding claims affecting the title.            p. 523

In proceedings for the sale of property to enforce the collection of taxes, the jurisdiction of the Court to which the sale is reported is special and limited, and can be exercised only when there has been a substantial compliance with the provisions of the law.                                              p. 523

While the order of ratification gives presumptive validity to a tax sale, yet if it appears from the record or proof that there has been a failure in any material feature in any respect to observe the requirements of the statute, the attempted transfer of title, by the sale, must be held inoperative and void.    p. 524

*Decided April 7th, 1915.*

Appeal from the Circuit Court for Anne Arundel County. (In Equity.)   (BRASHEARS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Daniel R. Randall,* for the appellant.

*James M. Munroe,* for the appellee.

URNER, J., delivered the opinion of the Court.

The Safe Deposit and Trust Company of Baltimore, as trustee under the will of Richard Swann, deceased, sold a tract of thirty acres of land in Anne Arundel County for the sum of seven hundred dollars, and the sale was duly reported to the Circuit Court for that county, whose jurisdiction over the trust had been previously invoked.   Exceptions were filed by the purchaser to the ratification of the sale.   The main ground of objection is that the title proposed to be conveyed is not good and marketable.   This contention was sustained by the Court below, and from its order setting aside the sale an appeal has been taken by the trustee.

The title of the Trust Company was obtained by its purchase of the property under' foreclosure of a mortgage which it held for the benefit of the trust estate and which had been executed by John Henry Johnson and wife on April 15, 1911, to secure a loan of seven hundred dollars. It was recited in the mortgage that the tract had been conveyed to Johnson by deed from B. Allein Welch, treasurer of Anne Arundel County, dated May 19, 1905, and duly recorded. The tax sale proceedings which resulted in the conveyance last mentioned include a report by the treasurer to the Circuit Court showing that the land was sold on December 30, 1902, to John Henry Johnson for thirty-five dollars in the enforcement of claims for taxes in arrears for 1899 and 1900, amounting, with interest and costs, to $30.04. It appears from the tax bills exhibited with the report that the property was assessed at $404.00 for the purposes of taxation. It is in evidence that the land formerly belonged to Margaret Anna Johnson, a widow, who died intestate some years prior to the sale, leaving eight children as her heirs at law. The property was thereafter entered on the assessment record, and the tax bills referred to were made out, in the name of "Margaret Anna Johnson Heirs." One of the persons included in this designation was John Henry Johnson. When the sale occurred he was in sole possession of the premises. The evidence shows that some of the other co-tenants were residing in the same neighborhood, but there are some whose places of residence at that time are not proven. The notices required by law to be given before the property could be sold for taxes were served upon "John Henry Johnson, one of the heirs of Mary A. Johnson, deceased," and, as already stated, he became the purchaser.

The objection to the title is based primarily upon the ground that the notice served upon only one of the co-tenants, even though he was then in possession, was not sufficient to gratify the terms of the statute prescribing the notices to be given as pre-requisites to a valid sale.

It is provided by section 229 of Article 2 of the Code of Public Local Laws, relating to Anne Arundel County, that it shall be the duty of the treasurer, during the month of March succeeding each levy, to make out all tax bills which have not been paid, with a notice in each that if it remains unpaid on the first day of June next after its date, the property will be levied upon and sold to enforce payment, and that a copy of each bill so prepared shall be delivered by a constable of the district "to the person or corporate institution against whom it is made out; or in the event of failure to find such person or taxpayer in the district, such tax bill shall be left with the agent of such person or institution, or conspicuously posted on the property assessed." The treasurer is directed by section 230 to enforce the payment of all taxes remaining unpaid on the first day of June succeeding the year in which they were imposed, but it is enacted that when property is levied upon for that purpose, "notice thereof together with a copy of the bill of taxes due * * * shall be delivered to the owner, if he be in possession of the property, or at his residence, if it be within the same district, or mailed to him if his postoffice address be known, and if not, then to be conspicuously posted on the premises, together with a notice that if the said bill for taxes, interest and costs, be not paid within thirty days, the property levied upon will be sold at public sale." Provision is made by section 231 for a report of the sale to the Circuit Court by the treasurer, and for its ratification if the proceedings are regular and there has been a substantial compliance with the statute.

In view of these provisions, and of the facts we have stated, the question to be decided is whether the delivery of the preliminary and final notices to the co-tenant in possession was adequate for the purposes of the ensuing sale.

It is the evident intention of the Act to require the notices to be served upon the *owner* of the property, if this can be done under the prescribed conditions. The right of the owner to be notified is not made dependent upon his occu-

pancy of the land.   In the event that he is not in possession,
the copy must be delivered to him elsewhere in the district,
if he is a resident of that locality.   It is only when the owner
cannot be given personal notice, within the district, that
the alternative methods of notification can be employed.   The
bills in this case were made out against the "heirs" of the
former proprietor, and the persons thus described were then
in fact the owners of the property assessed.   The law does
not authorize any discrimination, as to notice, in cases of
plural ownership, and it is clear that all who are charged
with the taxes and own the land are entitled to personal
notice before their rights can be affected by a sale, provided
they are within reach of the service which the Act prescribes.
If none of the owners occupied the property, it could not be
contended that a notice given to only one of several co-tenants
residing in the district should be regarded as sufficient.   As
ownership and not occupancy is the basis of the provisions
for the successive notices, the mere fact that one tenant in
common was in possession could not deprive the other owners,
resident in the same locality, of their right to be warned of an
impending sale of their property.

The legal relationship between tenants in common does
not imply an agency on the part of one in possession, for
the other co-tenants, with respect to the receipt of notice of
outstanding claims affecting the title, *Freeman on Co-tenancy
and Partition,* 2nd Ed., sec. 171; 38 *Cyc.* 106; but even
when there is an agent on the ground, the delivery to him
of the preliminary notice would not be effective if the
owners are in a position, under the terms of the Act, to be
personally notified, and the final notice is not directed to be
served upon an agent under any circumstances.

In a proceeding for the sale of property to enforce the
collection of taxes the jurisdiction of the Court to which
the sale is reported is special and limited and cannot be
validly exercised unless there has been a substantial com-
pliance with the provisions of the law.   The order of ratifi-
cation gives presumptive validity to the sale, but when it

appears from the record or proof that there has been a failure in any material respect to observe the requirements of the statute, the attempted transfer of the title must be held to be inoperative and void. *Taylor* v. *Forrest,* 96 Md. 530; *McMahon* v. *Crean,* 109 Md. 652; *Amos* v. *Abromaitis,* 122 Md. 256. In the case last cited, which involved a tax sale under the same local law we are now considering, the owner of the land sought to be sold, against whom the tax bills were made out, was dead, and the notices of the intention to enforce payment of the taxes were left with the tenant in possession. It was held that this was not a substantial compliance with the Act. The same view must be adopted in reference to the proceedings now in question. The notices given in this instance having been confined to one of several owners who were equally entitled to personal service, on account of their residence in the district in which the property was located, there was a manifest failure to observe the law in one of its most material requirements.

While a considerable period has elapsed since the tax sale was made and ratified, and while those adversely affected have taken no formal action to have the sale annulled, the present purchaser could have no assurance that they will not contest the title. Some of them have apparently regarded their interests as still subsisting, and one, a widowed daughter of Margaret Johnson, built a small dwelling house on the land, a few years after the tax sale, with the consent of other heirs, and is living there at the present time. It would not be just to compel the objecting purchaser to accept a title thus exposed to probable litigation. As it stands at present it is not the good and marketable title which he has a right to demand. *Hewitt* v. *Parsley,* 101 Md. 209; *Hammer* v. *Westphal,* 120 Md. 19.

This conclusion renders it unnecessary to pass upon the other grounds of exception to the sale reported by the trustee.

*Order affirmed, with costs.*