## E. R. DAVIDSON v. EMMA N. KEPNER, M. F. Kepner, H. Peoples, and O. E. Distad.

(163 N. W. 831.)

**Lands — redemption of — from tax sales — notice of — contents of — expiration of time of redemption — statute — strict compliance required — tax deed.**

1. Section 2223 of the Compiled Laws of 1913, which requires that the notice of the expiration of the time for redemption from tax sale shall contain a description of the lands sold, shall specify the amount for which the same were sold and the amount required to redeem, exclusive of costs to accrue, and the time when the redemption period will expire, construed and *held* that a valid deed cannot be issued except upon compliance therewith.

**Redemption — expiration of time — notice of — several tracts of land — separately assessed — amount for which each sold — amount to redeem — each parcel — notice must show.**

2. *Held*, further, that where a notice of the expiration of redemption under the above section embraces several lots or tracts of land separately assessed, and fails to state the amount for which each parcel has been sold, and the amount required to redeem each parcel, the notice is fatally defective.

**Separate notices — not required for each tract — notice — information required — as to each tract.**

3. *Held*, further that while separate notices are not required for each tract, it is essential that the notice given shall contain the required information with reference to each tract embraced in the notice.

Opinion filed June 30, 1917.

Appeal from the District Court of Eddy County, *Buttz, J.*

Plaintiff appeals.

Affirmed.

*J. S. Cameron* and *C. S. Buck,* for appellant.

A tax deed is always based upon the certificate of sale for taxes previously issued. Comp. Laws 1913, §§ 2192, 2206; 37 Cyc. 1443.

"Where separate parcels of land are separately sold at the same tax sale to the same purchaser, there is no legal objection to their being united in one conveyance." 37 Cyc. 1430.

In drawing the tax deed, the auditor is not presumed to need to go

beyond the certificate. Rector & W. Co. v. Maloney, 15 S. D. 271, 88 N. W. 575; Beggs v. Paine, 15 N. D. 436, 109 N. W. 322.

It would seem to be conclusive that the fact that "tract, piece, or parcel," stated in the singular, has no bearing upon the situation. Bennett v. Darling, 15 S. D. 1, 86 N. W. 751.

In this case all the land referred to in the deed was included in one certificate. Waddingham v. Dickson, 17 Colo. 223, 29 Pac. 177; Towle v. Holt, 14 Neb. 221, 15 N. W. 203.

"Where the grantee in a tax deed receives a void instrument he is entitled, upon proper application, to the issuance to him of a valid tax deed providing the proceedings leading up to the same are in all things valid." State ex rel. White v. Winn, 19 Wis. 305, 88 Am. Dec. 689; State ex rel. Ebbert v. Fouts, 26 N. D. 599, 50 L.R.A.(N.S.) 316, 145 N. W. 97.

The auditor is authorized to correct errors found in the assessments upon transcribing them, and it will be presumed that the substitution of the name of an owner was rightly made. Adams v. Snow, 21 Iowa, 435, 21 N. W. 765; 37 Cyc. 1397.

While the statute recites that the notice shall be directed to the person in whose name the land is assessed, yet the law expressly declares that the taxes imposed upon real estate shall not create a personal obligation against the owner, but is merely a charge against the land. Laws 1897, chap. 126; Hertzler v. Freeman, 12 N. D. 187, 96. N. W. 294.

The property was sold fairly, and there was no attempt to prevent competitive bidding. Graham v. Mutual Realty Co. 22 N. D. 423, 134 N. W. 43.

*Rinker & Duell,* for respondents.

"If there is any proceeding in which a purchaser is affected with the principle of *caveat emptor* it is a tax sale. He must take notice of all the jurisdictional defects in the proceedings and as against them he cannot be said to be a purchaser in good faith." Watson v. Hagen, 65 Or. 569, 133 Pac. 67.

A tax deed void on its face from the fact that it shows that the lots or parcels of land therein described were sold together for one gross consideration, such lots having been advertised and assessed separately, is of no force. Comp. Laws, 1913, § 2206; Salmer v. Lathrop, 10 S. D. 216, 72 N. W. 573; Cooley, Taxn. 493; Black, Tax Titles, 26,

and numerous cases cited; Hintrager v. McElhinny, 112 Iowa, 325, 82 N. W. 1008.

To make a statement of an illegal and void sale evidence of a legal and valid sale is a contradiction not to be imputed to the legislative intent. Reckitt v. Knight, 16 S. D. 395, 92 N. W. 1078; King v. Lane, 21 S. D. 101, 110 N. W. 39.

No proper notice of the expiration of the time for redemption from the tax sale of these lands was ever given, in that no notice was ever served upon or addressed to the assessee as required by statute. Comp. Laws 1913, § 2223; Rector & W. Co. v. Maloney, 15 S. D. 271, 88 N. W. 576; Black, Tax Titles, § 333.

All such statutory provisions are mandatory. Sweigle v. Gates, 9 N. D. 538, 84 N. W. 483.

The amount necessary to redeem each separate lot or piece of land must be stated in the notice. This was here omitted, and it is fatal. 37 Cyc. 1400, 1401; G. F. Sanborn Co. v. Johnson, 148 Mich. 405, 111 N. W. 1091; Haden v. Closser, 153 Mich. 182, 116 N. W. 1001; Jackson v. Mason, 143 Mich. 355, 106 N. W. 1112; John Duncan Land & Min. Co. v. Rusch, 145 Mich. 1, 108 N. W. 494.

Where there are various descriptions separately sold, the amount paid for each should be given in the notice. 37 Cyc. 1402, 1403, and cases cited; Blessett v. Turcotte, 20 N. D. 159, 127 N. W. 505; Black, Tax Titles, § 337.

Where the statutory requirements have not been strictly followed, the sale has not been made in good faith at public auction, and especially where the persons have refrained from bidding against each other, but have taken turns in bidding, under an agreement to that effect, and also to eliminate all competition. Youker v. Hobart, 17 N. D. 296, 115 N. W. 839.

BIRDZELL, J. This is an action to quiet title to lots 3, 4, and 5 of block 15 in the city of New Rockford. The plaintiff and appellant claims title under a tax deed. It appears that the property was sold for the delinquent taxes of 1908, and the certificate of sale issued to one D. F. Ellsworth, who later assigned the same to the plaintiff. The trial court found that the lots in question, together with lots 6 and 7 in block 15, had been separately assessed, but that they were sold

*in masse* for a gross consideration of $23.65 ; that the certificate showed that the sale had been conducted as stated, and that by reason of collusion competition was eliminated at the sale. The appellant challenges the correctness of the foregoing findings of fact made by the trial court, and assails the legal conclusions on the ground that they are unsupported by the facts.

A careful perusal of the record in this case leads us to conclude that it is unnecessary to consider the correctness of the findings of fact of the trial court which are challenged by the appellant on this appeal for the reason that there is a manifest fatal defect in the proceedings leading up to the tax deed. The redemption notice, exhibit 7, purports to give notice of the sale held on the 14th of December, 1909, and that "the amount of delinquent taxes due on the real estate aforesaid at the date of sale was $23.65, including penalties, costs, and interest, to make which amount, the said lots (was) then and there sold as provided by law. . . ." It further contains this statement: "You are therefore notified that $45.35, exclusive of accruing costs, is necessary to redeem said lots from said sale."

Section 2223, Comp. Laws 1913, requires that the notice of expiration of the time for redemption shall contain a description of the lands, and specify the amount for which the same were sold, the amount required to redeem such lands from sale exclusive of the costs to accrue upon such notice, and the time when the redemption period will expire. No valid deed can be issued in pursuance of a sheriff's certificate of tax sale, unless this notice is given, and the notice must contain the facts required by the statute to be stated therein. A notice which embraces several lots or tracts of land separately assessed, and which fails to state the amount for which each parcel has been sold and the amount required to redeem each parcel, is fatally defective. 27 Cyc. 1403. Such a notice does not apprise the recipient of the amount that it will be necessary for him to pay to redeem any particular tract; and does not contain, with respect to any one tract, the information which the statute contemplates that it should convey. It is not essential that separate notice be given to an owner of various tracts (Snyder v. Ingalls, 70 Minn. 16, 72 N. W. 807) but it is essential that the notice given shall contain the necessary information to enable him to exercise his right of redemption with respect to any tract he might desire to redeem.

Jackson v. Mason, 143 Mich. 355, 106 N. W. 1112; G. F. Sanborn Co. v. Johnson, 148 Mich. 405, 111 N. W. 1091.

While, under § 2191, Comp. Laws 1913, the county auditor is required to sell each tract or lot separately, and while § 2192 authorizes the auditor to include in one certificate all the land sold to one purchaser, it by no means follows that a redemption notice which includes a number of lots separately sold and states only the aggregate amount of the interest, penalty, and costs, the payment of which is required to redeem all of the parcels from the tax sale, is notice of the amount required to redeem any particular tract. The object of requiring that the notice shall specify the amount required to redeem was doubtless to enable the person entitled to redeem to effect a redemption of any tract or parcel he might desire to redeem, without assuming the risk of ascertaining for himself the amount he would be required to pay. If the notice does not contain this information with respect to such tract, the purpose in requiring the notice is at least partially defeated, and the notice is consequently void. A valid notice is required prior to the issuance of the tax deed, and there can be no valid deed based upon a blanket notice such as the one given in this case. It is unnecessary for us to express an opinion on the correctness of the findings of fact made by the trial court which are assigned as error upon this appeal.

The judgment is affirmed.

ROBINSON, J. (specially concurring). The plaintiff brings this action to quiet title to three lots in New Rockford under a tax deed, based on a sale of the lots in December, 1909, for the taxes of 1908. The answer is in effect that the defendant has title to the lots and that the tax deed is void. The court gave judgment for the defendant, and the plaintiff appeals. The tax-sale record in evidence shows that in December, 1909, three lots and two other lots were sold by the county auditor for the taxes of the year 1908, amounted to $23.63; that the rate of interest bid was 24 per cent and the sale certificate was assigned to E. R. Davidson.

The certificate of sale shows a sale of the five lots for the lump sum of $23.63 and the rate of interest 24 per cent. The redemption notice addressed to E. N. Kepner recites a sale of the lots for $23.63,

and that the sum necessary to redeem is $45.31, exclusive of costs. The tax deed also recites a sale of the five lots for the lump sum of $23.63, and shows a redemption of lots 6 and 7, which were included in the sale.

It is enough to say of the sale certificate, the redemption notice, and the tax deed, that each document is void on its face because it shows a sale of five lots for the gross sum of $23.63; and the redemption notice is clearly void for another reason. It shows that the sum necessary to redeem the three lots is $45.31, and that is excessive. There was no allowance made for the two lots which had been redeemed.

When a party attempts to purchase land at a tax sale and to get interest at the rate of 24 per cent, with a penalty of 5 per cent, he has no reason to complain if he gets back only his principal with 6 per cent interest. Shylock did not fare so well when he insisted on the pound of flesh. He forfeited his principal sum of 3,000 ducats, and had to become a Christian and to convey half his property to his daughter Jessica, who had wed a Christian.