## BURNS v. STATE.

(No. 883; Decided May 28th, 1918; 173 Pac. 55.)

TAXATION—REDEMPTION FROM TAX SALE—NOTICE OF REDEMPTION—SERVICE UPON OCCUPANT—STATUTE—TIME FOR REDEMPTION.

1. Where notice of purchase at a tax sale served upon the occupant or person in possession of the land purchased pursuant to Compiled Statutes, Section 2433, Laws 1893, Chapter 5, Section 1, is void for incorrectly stating date of expiration of time for redemption, the right of redemption is not extinguished.

2. Compiled Statutes, Section 2433, Laws 1893, Chapter 5, as amended by Laws 1901, Chapter 16, giving purchaser at tax sale or his assignee two years after expiration of time for redemption, in which to serve notice of such purchase, operates to extend the time for redemption so that a person entitled to redeem may do so at the time set in the notice, or at any time before the time set in such notice.

3. Although under Compiled Statutes, Section 2433, Laws 1893, Chapter 5, Section 1, providing for service of notice of

purchase at tax sale upon occupant of premises purchased, the occupant is deemed the agent of the owner, the statute contemplates occupancy adverse to purchaser, and service upon purchaser, where he himself is occupant, is not a compliance therewith.

4. In such case the property must be regarded as unoccupied for purposes of such notice.

5. Where the purchaser at tax sale has served no notice of purchase at expiration of period of redemption, he himself being the occupant of the property purchased, but shortly after expiration of time of redemption, having been unable to find the owner, he publishes such notice, the owner can redeem any time until date set in notice.

ON PETITION FOR REHEARING.

6. One not a party to the cause and asking to appear only as *amicus curiae* is not entitled to file a petition for rehearing, at least without the consent of the parties.

7. A statute relating to the redemption of property at tax sale should be liberally construed in the interests of the property owner.

Error to District Court, Fremont County; Hon. Charles E. Winter, Judge.

Mandamus on the relation of Ralph E. Allen against Earl Burns, as Treasurer of Fremont County, Wyoming. Writ issued and respondent brings error.

*P. B. Coolidge,* for plaintiff in error.

The case apparently hinges upon the construction of Section 2433, Comp. Stats., plaintiff in error contending that the right of redemption exists up to the date of the issuance of the tax deed, the defendant in error contending that the right to redeem expires three years after the date of tax sale, although the holder of the tax certificate neglects to advertise and make application for tax deed until after the expiration of the three years. The statute as originally enacted required the purchaser to advertise three months prior to the expiration of the redemption period, and failing to do so he lost his rights. The statute was amended to give the purchaser a period of two years after the expiration of the three-year period following the date of sale within which

to advertise. If it was not the intention to extend the period of redemption by this amendment, there would be no object in requiring the certificate holder to advertise at all. The character of the notice required by the original law when compared with that required by the amendment indicates the intention of the Legislature to extend the redemption period. Statutes must be construed according to the clear legislative intent and so that all parts may stand and be given effect, if possible. Statutes relating to the acquisition of tax titles are construed most strictly against the holder of the certificate in cases of ambiguity.

*O. N. Gibson,* for defendant in error.

Two fundamental propositions are presented, viz.: (1st) Where the person in whose name the land was assessed cannot upon diligent inquiry be found in the county and where the premises are in the occupancy of the applicant, is the statutory notice required, and (2nd) does the failure to give the statutory notice within the three-year redemption period automatically extend that period until notice is given and the deed delivered? Redemption must conform to statutory requirements. (Jaggard on Taxation, p. 488.) The right to redeem is purely statutory. (Black, Tax Titles, 350 (2nd Ed.) Courts cannot extend the time or make exceptions not made by the statute. (Kelley v. Sanders, 99 U. S. 441; Lynch v. Burt, 67 C. C. A. 317, 132 Fed. 439.) If the proceedings have been regular, the owner is limited to the period fixed by statute within which to redeem. (White Pine Mfg. Co. v. Moery, 19 Idaho, 49, 112 Pac. 674, 1, c. 676; Pearson v. Robinson, 44 Iowa, 413; Beggs v. Robinson, 44 Iowa, 413; Beggs v. Paine, 15 N. D. 436, 109 N. W. 322; McMillan v. Hogan, 129 N. C. 314, 40 S. E. 63; Levy v. Newman, 130 N. Y. 11, 28 N. E. 660; Dumphy v. Hilton, 121 Mich. 315, 80 N. W. 1; Quinn v. Kinney, 47 Cal. 147.) The occupant in the present case was the purchaser, hence the service of notice would have been an idle formality. The circumstances dispensed with the need of notice to the occupant, but in no way en-

larges the rights of the non-resident owner. Since no notice
was required, failure to give it within three years could not
operate to extend the redemption period. Failure to give
notice does not automatically extend the redemption period
until notice is given and there is nothing in the provisions
of Sections 2428, 2432 and 2433, Comp. Stats., indicat-
ing the contrary. Section 2433 expressly gives the pur-
chaser two years within which to give notice and make
application for deed "after the expiration of the period of
redemption." But it is contended that this provision should
be read three years from the date of tax sale. But the
language employed indicates that it was the intention of
the Legislature that the redemption period should expire
absolutely in three years from the date of sale. The two-
year period allowed the purchaser for advertising was ap-
parently for the relief of tax certificate holders, since many
valid objections might be urged to the issuance of a deed
other than the existing right to redeem. For example, the
validity of the tax levy; that the tax had been paid; that
sale had not been advertised; that applicant was not the
rightful purchaser or assignee of the purchaser, or that pur-
chaser had conveyed his right away; that the sale did not
take place at the time alleged, or that the property had been
redeemed. The state has power to sell land for taxes ab-
solutely; courts cannot extend the time or make extensions
not made by the statute. (Kelley v. Sanders, 99 U. S. 441;
White Pine Co. v. Moery, supra.)

*T. S. Taliaferro, Jr., amicus curiae.*

The mere averment that the purchaser was in possession
and occupancy of the property at the time of the expiration
of the redemption period is not an averment of lawful pos-
session. Service made by the purchaser upon himself is
not a compliance with the statute and not in good faith.
(Oscanyon v. Arms Co., 103 U. S. 261.) The allegations
of the petition do not show a compliance with Section 2433,
Comp. Stats. He could acquire no adverse title by tres-
passing upon property sold for taxes. (Continental Trust

Co. v. Mfg. Co., 222 Fed. 707.) The amendment of the
laws as appears in Section 2433, though somewhat involved,
clearly indicates that it was the intention of the Legislature
to extend the period of redemption until the notice required
by the original section had been given, and this notice,
among other things, must state when the time of redemption
will expire, all relating to the future. This court in con-
struing the original section in Mathews v. Nefsy, 13 Wyo.
472, held that there was no authority for the issuance of a
tax deed until a lawful notice had been published and rec-
ognized; that the Act of 1901 had extended the time for
giving notice. The petition does not state facts sufficient
to constitute a cause of action. It is not shown that all oc-
cupants of the land were served with notice. Relator was
one of the occupants and no service was had upon him, be-
cause it is shown that notice was not given the owner before
the expiration of the redemption period and because the
petition upon its face shows that the owner of the land re-
deemed it within the time allowed by statute.

*O. N. Gibson,* replying to *amicus curiae.*

The *amicus curiae* having suggested that he be permitted
to file an original demurrer in this court apparently assumes
that his request has been granted and proceeds to argue a
demurrer to the petition of plaintiff below. Trespass is
charged and fraud is intimated by his argument. The peti-
tion follows the statute and the inferences are entirely grat-
uitous and have no discernible connection with the argu-
ment. Whether a tenant may acquire a tax title as against
his landlord is not a question involved in this case. It is
apparently contended that the applicant for a tax deed must
serve notice upon himself that he himself holds a certificate
of tax sale covering the premises occupied by himself and ·
that he intends to make application on a day certain to ob-
tain a tax deed therefor. How would a man go about to
serve a notice on himself? Laws should receive a sensible
construction. (United States v. Kirby, 7 Wallace, 482, 19
L. Ed. 278.) The operation of a statute may be restrained

within narrower limits than its words import, where it is intended that the literal meaning of its language would extend to cases which the Legislature never designed to include in it. (Brewer v. Blougher, 14 Peters, 178, 10 L. Ed. 408.)

BEARD, JUSTICE.

In this case the defendant in error, Allen, applied to the District Court of Fremont County for a writ of mandamus to be directed to the plaintiff in error as treasurer of said county requiring and commanding him to issue and deliver to said Allen a tax deed to a certain lot in the town of Riverton in said county. An alternative writ was issued and served, and plaintiff in error answered, to which answer a general demurrer was interposed. The demurrer was sustained and the treasurer electing to stand upon his answer, a peremptory writ was issued and judgment rendered against him for costs. He brings error.

Briefly stated, the facts alleged in the petition are that the lot was sold at tax sale July 1, 1911, for the taxes of 1910, and was purchased at said sale by one Huffield, who prior to July 1, 1914, assigned the certificate of purchase to Allen. That at the expiration of the period of redemption Allen was, and ever since has been, in the actual possession and occupancy of the lot, but during none of said time could L. D. Borden, in whose name the lot was taxed in the year 1910, be, upon diligent inquiry, found in said county. That after the expiration of the period of redemption aforesaid, he (Allen) duly published notice according to law that he would on November 1, 1914, make application to the treasurer for a tax deed to said lot. That on said date he submitted to the treasurer a copy of said notice with due proof of publication and tendered the fee for a deed and demanded the same. That the treasurer wrongfully refused to issue and deliver such deed to him.

The answer admitted the allegations of the petition with the exception of the allegation that the refusal to issue the deed was wrongful; and alleged that he rightfully refused

to do so for the reason that on August 8, 1914, after the
first publication of said notice, the said L. D. Borden, the
owner of said lot, paid to him the full amount necessary to
redeem said lot from said tax sale, which sum he received
and accepted, and thereby said lot was redeemed from said
sale.

The only question in the case is whether in the circum-
stances the owner of the lot had the right to redeem from
the sale after the expiration of three years from and after
the date of the tax sale.

Prior to 1893, real estate sold for taxes could be redeemed
at any time before the expiration of two years from and
after the date of sale; and if not redeemed the treasurer
was required immediately after the expiration of said two
years to make out and deliver to the purchaser, upon the
return of the certificate of purchase, a tax deed.  (Secs.
3829 and 3831, Rev. Stat. 1887.).  By Chapter 14, S. L.
1897, the time for redemption was extended to three years
after the date of such sale.  By Chapter 5, S. L. 1893, it was
provided :

"Section 1.  Hereafter no purchaser, or assignee of such
purchaser, of any land, town or city lot, at any sale of lands,
or lots, for taxes or special assessments due, either to the
state, or any county or any incorporated town or city within
the same, or at any sale for taxes or levies authorized by the
laws of this state, shall be entitled to a deed for the lands
or lots so purchased until the following conditions have been
complied with, to-wit:  Such purchaser, or assignee, shall
serve, or cause to be served, a written or printed, or partly
written and partly printed, notice of such purchase on every
person in actual possession or occupancy of such land or lot,
and also the person in whose name the same was taxed or ·
specially assessed, if upon diligent inquiry he can be found
in the county, at least three months before the expiration of
the time of redemption on such sale, in which notice he shall
state when he purchased the land, or lot, in whose name
taxed, the description of the land, or lot, he has purchased,
for what year taxed or specially assessed, when the time of

redemption will expire and application for deed will be made. If no person is in actual possession or occupancy of such land, or lot, and the person in whose name the same was taxed or specially assessed, upon diligent inquiry, cannot be found in the county, then such person, or his assignee, shall publish such notice in some newspaper printed in such county, and if no newspaper is printed in the county, then in the nearest newspaper that is published in this state to the county seat of the county in which such land, or lot, is situated; which notice shall be inserted three times, the first time not more than five months and the last time not less than three months before the time of redemption shall expire."

By Chapter 19, S. L. 1897, this section was amended by adding the following: "It shall be the further duty of such purchaser, or his assignee, to submit to the county treasurer proper proof, in cases where personal service is made, of the fact of such service, and of the contents of the notice thus served; and in cases where service by publication is made, a sworn statement by the publisher, manager or editor of the newspaper in which such publication is made, containing the time when the same was made, shall be attached to a copy of said notice; and until such proof is so furnished to the county treasurer, he shall refuse to issue a deed to the said purchaser, or his assignee. Whenever said purchaser or his assignee has fulfilled all of the requirements of this act and surrenders to the county treasurer the certificate of purchase, it shall be the duty of the county treasurer to issue to said purchaser, or his assignee, a tax deed in the manner and form prescribed by law."

By Chapter 16, S. L. 1901, this section was further amended by inserting immediately after the words "refuse to issue a deed to said purchaser or his assignee," the following: "provided that the purchaser or his assignee may at any time within two years after the expiration of the period of redemption serve or publish the notice provided for in this section, which notice shall set a date not less than three months nor more than five months after the date of said

notice, at which time the said purchaser or his assignee will make application for tax deed." The above quoted sections of the statute are now Sections 2428, 2432 and 2433, Comp. Stat. 1910.

Prior to 1893, no notice of the expiration of the period of redemption was required by the statute and it expired at the end of the period of two (later three) years from and after the date of sale, or, if not then, certainly upon the delivery of the deed by the treasurer, which deed he was required to make out immediately upon the expiration of said term and deliver the same to the purchaser upon the return of the certificate of purchase and the payment of the fee for the deed. Nothing else was required to be done by the holder of the certificate to entitle him to a deed. But by the Act of 1893, no purchaser, or assignee of such purchaser, at any tax sale was thereafter entitled to a tax deed until he gave the notice prescribed in the act, which notice, if served personally, should be at least three months before the expiration of the time of redemption; or if published the first publication should be not more than five months and the last not less than three months before the time of redemption would expire. The notice was required to state when the time of redemption would expire, that is, at the expiration of the two (later three) years after the date of sale, and if such notice was not given, or if the date of the expiration of the time for redemption was incorrectly stated in the notice it was invalid and did not extinguish the right of redemption and no tax deed could issue under the terms of the statute. (37 Cyc. 1403; Benefield v. Albert, 132 Ill. 665-672, 24 N. E. 634; State ex rel. Kipp v. Nord, 73 Minn. 1, 75 N. W. 760, 72 Am. St. Rep. 594; State Finance Co. v. Beck, et al., 15 N. Dak. 374-383, 109 N. W. 357.) By the amendment of 1897, it was provided that the treasurer should refuse to issue a deed until certain specified proofs of service of the notice was produced. So that under the law as it then was, in the absence of valid notice of the expiration of the period of redemption, the holder of the certificate could not obtain a tax deed. To remedy that defect

in the law and to authorize him to thereafter give notice and
secure such deed, the section was further amended in 1901,
authorizing the purchaser or his assignee at any time within
two years after the expiration of the period of redemption
to give "the notice provided for in this section," in which
he should set a date not less than three months nor more
than five months after the date of the notice at which time
he would apply for a tax deed. The notice provided in the
section requires a definite statement of the time when the
right to redeem will expire. It would be useless to serve
notice that the time for redemption would expire at a cer-
tain date in the future if no such right existed. We are
fully convinced that the purpose and intent of the lawmak-
ers was not only to provide a way by which the holder of
the certificate who had failed to give the required notice
before the expiration of three years after the sale and there-
by lost his right to dmand a tax deed could still within two
years thereafter give notice and secure such deed, but also
at the same time and by the same enactment to extend the
time for redemption so that the person entitled to make re-
demption could redeem at any time at or before the time
set in the notice. And that we deem to be the legal effect
of the statute as amended.

It is contended, however, by counsel for defendant in
error that no notice was required because it is alleged that
"at the time of the expiration of the period of redemption
of said real estate, and ever since, the relator has been in
the actual possession and occupancy of said lot, but during
none of said time could L. D. Borden, in whose name said lot
was taxed in the year 1910, be, upon diligent inquiry, found
in said county." But the notice necessary to terminate the
right of redemption at the expiration of three years after
the date of sale must be given not less than three months
prior to that date, and as there is no allegation in the peti-
tion that relator was in possession at that time, he must
rely, as he does in his petition, upon the provision for ob-
taining a tax deed after the expiration of three years from
and after the date of sale and within two years after the

expiration of said three-year period. The purpose of no-
tice in either event is to bring to the person entitled to re-.
deem knowledge that the land has been sold for taxes and
within what time the same may be redeemed from such sale.
If unoccupied at the time notice is given the service of no-
tice must be personal on the person in whose name it was
taxed if he can, upon diligent inquiry, be found in the coun-
ty, and if not so found then by publication. If the land is
occupied at that time service of notice must be made upon
every person in actual possession or occupancy of such land
and also upon the person in whose name the same was taxed,
if upon diligent inquiry he can be found in the county. The
requirement that the notice must be given to the occupant
was evidently to inform the person entitled to redeem of
the date at which that right would expire, and as there is no
presumption that such occupancy is wrongful the statute as-
sumes that the occupant has either the right to redeem or
that he is in posession as the tenant of the owner and as
such is the agent of the owner upon whom service may be
made. But we know of no rule of law by which an agent
who has a claim against his principal can confer jurisdiction
of the person of the principal by service of notice or sum-
mons upon himself. For instance, a foreign corporation
must appoint an agent in this state upon whom service can
be made in suits against the corporation. If that agent
brings suit against the corporation, would it be contended
that he could cause summons to be served upon himself and
thus give the court jurisdiction of the corporation? We
do not think so. We agree with the statement in the brief
of defendant in error that "since occupant and applicant
were identical, the service of notice (upon him) would have
been an idle, not to say ludicrous, formality." In Burton,
et al., v. Perry, et al., 146 Ill. 71, 34 N E. 60, wherein it
appeared that the purchaser at tax sale served notice upon
an occupant claimed to be his own agent and acting in his
own interest, the court said (146 Ill. 123, 34 N. E. 74) :
"The statute, by requiring notice to be served upon every
person in actual possession or occupancy of the land, never

contemplated that the purchaser at the tax sale should himself create an occupancy, and then hand a notice to the occupant of his own creation. Such service is not a compliance with the law. The possession or occupancy, specified in the statute, is one which is held adversely to the holder of the tax certificate." With that construction of the statute we agree. In the case at bar, even that kind of attempted service was not made, and on the facts pleaded the lot must be regarded as vacant and unoccupied for the purposes of giving notice. Such would seem to have been the conclusion arrived at by the applicant for tax deed for the reason that he published notice to the person to whom the land was taxed, which would not have been required if the lot had been occupied by one holding adversely to the holder of the certificate and the person in whose name the lot was taxed could not, upon diligent inquiry, be found in the county. We, therefore, hold that Borden had the right to redeem from the sale until the date set in the published notice at which Allen would apply for a deed; and having paid to the treasurer the amount necessary to redeem, redemption was effected and the treasurer rightfully refused to execute and deliver a tax deed to Allen. The District Court erred in sustaining the demurrer to the answer, and for that reason the judgment is reversed and the cause remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.

*Reversed.*

POTTER, C. J., and BLYDENBURGH, J., concur.

## ON PETITION FOR REHEARING BY ONE DESIRING TO APPEAR AS AMICUS CURIAE.

POTTER, CHIEF JUSTICE.

No petition for rehearing has been filed by a party to this cause, and the time therefor has expired. But within the time provided by the rules for filing a petition for rehearing, John J. Spriggs, an attorney of this court, has filed a petition for a rehearing of this cause and a recalling of the decision, representing by his petition that he is defendant in a

cause in the District Court in Fremont County, which is being appealed to this court, in which the identical question is at issue that was determined in this cause by the opinion and judgment of this court on May 28, 1918. (See 173 Pac. 55.) · And he requests that a rehearing be granted and that the court hear him as *amicus curiae*. The petitioner not being a party to the cause, and asking to appear only as *amicus curiae,* is not entitled to file a petition for rehearing, at least without the consent of the parties. (2 Cyc. 283; 4 C. J. 634; 2 C. J. 1325-1326; 1 R. C. L. 1054; City of Charleston v. Cadle, 167 Ill. 647; Parker v. State, 133 Ind. 178, 33 N. E. 119, 18 L. R. A. 567.) Assuming that the consent of a party to the cause might authorize the filing of the petition, no such consent is shown. And assuming that the court might grant a rehearing on its own motion, upon the suggestion of error in its decision by one in the position of this petitioner, we would not feel justified in doing so in this cause. The question before the court in this cause was decided after mature consideration and a careful examination of the several statutory provisions involved in such consideration, and the authorities upon the subject. And nothing in this petition for a rehearing has caused us to doubt the correctness of the decision.

We held that the 1901 amendment of the statute authorizing the purchaser at a tax sale of real estate, or his assignee, to serve or publish the required notice to entitle him to a tax deed at any time within two years after the expiration of the period of redemption, in effect extended the time for redemption until the date stated in such notice. There is nothing in the statute as so construed delegating legislative power. The Legislature might have fixed the time for redemption by referring to the time of service of notice upon the owner. (Arthurs v. Smathers, 38 Pa. St. 40; 37 Cyc. 1396, 1397, and cases cited.) And by our statute providing for such notice the Legislature might properly have expressly declared that the right to redeem should continue until the date of the expiration of the time for redemption stated in the notice. Although the statute

does not expressly so declare, we think it is implied, and that the statute is to be understood and construed as so providing. Such a statute should be liberally construed in the interest of the owner. (37 Cyc. 1395; Cooley on Taxation, 2nd Ed., 532, 536; Merrill v. Dearing, 32 Minn. 479.) In the Minnesota case cited, construing a similar statute as having the effect of extending the redemption period, the court said: "By no other construction can effect be given to all the provisions of the statute, and the manifest legislative intent carried out." It was said by the Supreme Court of North Dakota, in Darling v. Purcell, 13 N. D. 288, 100 N. W. 726, construing the statute of that state requiring a notice by the holder of a tax sale certificate: "Is the right of redemption eliminated, and does the redemption period expire, by the mere passage of the two-year period? Clearly not. Time is only one of the elements essential to terminate it. The statute expressly requires an affirmative act on the part of 'the holder of any certificate' to effect this result, namely, the service of notice of the expiration of the redemption period. It may be said that the redemption period is two years, and this is, in a sense, true. But it may be more, contingent upon delay in serving the notice of redemption. * * * * Clearly the effect of delay in giving the notice is to postpone the expiration of the redemption period." (See also 37 Cyc. 1396.)

A rehearing upon said petition will therefore be denied.

BEARD, J., and BLYDENBURGH, J., concur.