(March 27, 1919.)

## GRANDVIEW IRRIGATION DISTRICT, a Municipal Corporation, Appellant, **v.** J. SCOTT BROWN et al., Respondents.

[179 Pac. 952.]

TAXATION—ASSESSMENTS BY IRRIGATION DISTRICTS—FORECLOSURE.

 Sess. Laws 1913, chap. 58, which provides for the foreclosure of delinquent tax liens, expressly excludes from its scope of operation taxes levied and collectible for the year 1912, and a suit to foreclose the liens of delinquent assessments levied for irrigation district purposes for that year cannot be maintained.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Hon. Chas. P. McCarthy, Judge.

Suit to foreclose delinquent irrigation district assessment liens. Judgment for defendants. *Affirmed.*

Raymond L. Givens and E. P. Barnes, for Appellant.

Chapter 58, which is the revenue act of Session Laws 1913, as to the collection of these taxes is one of procedure. It does not change the rights of the parties under the irrigation district assessments, and since the defendants admit that some of the penalties provided apply, they cannot contend that it is nonoperative because of its substantive effect. Since, therefore, the law provides, as to the only contested point between plaintiff and defendant, for the procedure to be adopted, under *Peavy v. McCombs,* 26 Ida. 143, 150, 140 Pac. 965, the revenue act must apply to all of the procedure involving the collection of these taxes, the court saying on page 151 as to the construction of chapter 58, S. L. 1913, on this very point, that unless the revenue act is fully complied with, there would arise an inconsistency with some other previously passed statute.

Hugh E. McElroy and Rice & Thompson, for Respondents, cite no authorities on point decided.

MORGAN, C. J.—Appellant sued to foreclose certain liens evidenced by delinquency certificates issued on account of unpaid assessments levied by it for irrigation district purposes against the property of respondents and others for the year 1912; also to recover delinquent assessments for the years 1913 and 1914, levied by the same authority and for like purposes as were those for 1912.

The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action and, by one of the respondents, by reason of misjoinder of parties defendant. The latter ground was not urged in this court and will be treated as waived. The demurrer was sustained and, appellant having refused to further plead, a judgment of dismissal was entered from which this appeal was taken.

Appellant's theory is that Sess. Laws 1913, chap. 58, which provides for suits to foreclose tax liens evidenced by delinquency certificates, applies to and fixes the procedure to be followed in cases of delinquency in payment of irrigation district assessments and that this suit to foreclose the liens mentioned in the complaint is its proper remedy. It relies upon a provision of C. L., sec. 2413, with reference to assessments made by irrigation districts, as follows: "If any such assessment becomes delinquent the treasurer shall collect the same with the penalties added, as provided for delinquent county and state taxes."

Respondents contend: 1. That the act of 1913 providing for the foreclosure of delinquent tax liens, pursuant to which this suit was instituted, expressly excludes from its scope of operation the liens of taxes levied and collectible for the year 1912, for which year the liens here sued upon were levied; 2. That the provisions of said act of 1913 do not apply to the collection of delinquent assessments levied by irrigation districts, but that such assessments must be collected by notice and sale in the manner provided for the collection of delinquent county and state taxes as the law required when the

above-quoted provision of C. L., sec. 2413, was enacted.  We have reached the conclusion that respondent's first contention is sound and it will, therefore, not be necessary to pass upon the other.

Sess. Laws 1913, chap. 58, sec. 213, p. 244, is as follows: "The taxes levied and collectible for the year 1912, and for prior years, and not paid on the date of the approval of this Act, and all subsequent proceedings for the collection of such taxes, including penalties for delinquency, publication of delinquent lists, sales, redemption and issuance of tax deeds, shall be enforced under, and governed by, the law as it existed prior to the passage and approval of this Act, and such law is hereby expressly continued in force for such purposes, notwithstanding the repeal provided for in the preceding section; and this Act shall apply to and govern all proceedings for the assessment, equalization, levy and collection of taxes and other matters herein provided for, for the year 1913 and subsequent years."

It is true this court decided in case of *Rice v. Rock*, 26 Ida. 552, 144 Pac. 786, that one who purchased in 1910 a tax sale certificate for taxes assessed for 1909 must give the notice required by Sess. Laws, 1912, chap. 8, sec. 27, before he could procure a deed for which he applied in 1913, although the law prior to the 1912 enactment did not require such notice.  It is also true, although not mentioned in the opinion, that sec. 28 of said chapter is in language very similar to that used in Sess. Laws 1913, chap. 58, sec. 213.

The case of *Rice v. Rock* may be distinguished from this one in that the 1912 act therein construed provides, as stated in the opinion in that case, "that thereafter no purchaser or assignee of such purchaser of any land at tax sale shall be entitled to a tax deed therefor until the notice therein required shall have been given as provided by said section." That provision, which is in sec. 27, modifies sec. 28 of the act and justifies the conclusion reached in *Rice v. Rock*.  Such a provision does not occur in the 1913 law here under consideration, and nothing is stated therein which limits or modifies the legislative meaning, clearly expressed in sec. 213, to the

effect that proceedings arising from delinquency in the payment of taxes for the year 1912 shall be those provided and governed by the law as it existed prior to the 1913 enactment.

It follows that this action cannot be maintained to foreclose the liens evidenced by delinquency certificates issued on account of unpaid assessments levied for the year 1912.

Recovery of the amount of assessments for the years 1913 and 1914 is sought, probably, by authority of sec. 139 of the 1913 act, in force at the time suit was commenced, wherein it is provided that in case of foreclosure of a tax lien for a county the amount of all taxes and penalties shown in subsequent delinquency certificates outstanding against the property shall be included in the amount which the county is entitled to recover. Sec. 137 of that act, also in force at the time suit was commenced, provided: "In case redemption of the property from tax sale is not made within two years from the date of the delinquency certificate, the owner of such certificate must not less than thirty (30) days nor more than ninety (90) days after the expiration of the time of redemption, commence an action in the District Court in the county wherein said property is located, for the foreclosure of the tax liens, as provided in this Act, and in case such certificate is owned by the county, the County Auditor of such county must deliver the same to the County Attorney, taking his receipt therefor, who must forthwith institute proceedings in the name of the County Auditor as trustee for said county, for the foreclosure of the tax lien, as provided in this act. . . . . "

When the complaint in this case was filed two years had not expired from the date of the issuance of the delinquency certificate, either for the assessment of 1913 or 1914, and it is clear the suit cannot be maintained upon either, or both, of these delinquencies in the absence of a right of action upon that for 1912.

The demurrer was properly sustained. The judgment appealed from is affirmed. Costs are awarded to respondents.

Budge, J., and Bryan, District Judge, concur.