(No. 5231.   October 24, 1929.)

H. B. JOHNSON, Respondent, v. JUDSON C. WELCH
and JOHN O'LEARY, Appellants.

[281 Pac. 748.]

W. H. Holden and T. C. Coffin, for Appellants.

Merrill & Merrill, for Respondent.

GIVENS, J.—Respondent, as the record title owner, sued to quiet title to real estate. Appellants rely upon two tax deeds. The relationship of the parties prior to the issuance of the tax deeds was substantially as follows: On December 9, 1922, Welch sold the land in controversy to Johnson at which time by agreement between the parties a delinquent tax for 1920 should have been paid by Welch. Thereafter by written contract, Johnson agreed to sell the land to Welch for $2,800, Welch orally agreeing as part of the consideration to pay all back and future taxes. Welch did not comply with the terms of the contract but remained in possession until November, 1925. O'Leary purchased the tax deeds, taxes not having been paid by Welch, and in April, 1926, contracted with Welch to sell him the same property for $800. At the time of the tax sale, Welch by reason of his contract with Johnson, was obligated to pay the taxes.

The court found on adequate evidence that the treasurer and tax collector, prior to the delivery of the tax deeds, had failed to comply with the statutory requirements (C. S., chap. 144, art. 9, as amended) in the following particulars: no personal notice was given the person in possession of the property; the published notice of delinquent taxes did not

correctly describe the real estate sought to be sold; the notice was not published the required length of time; the time of the sale and the period of redemption were incorrectly specified; the date of delinquency was erroneous; no notice of delinquency was posted on the land nor was any legal notice sent the owner of the land; a proper affidavit showing compliance was not filed; the deeds issued were for like reasons held invalid by the trial court.

Appellant urges that there was a substantial compliance and that no injury to the owner or taxpayer was shown, relying on *Stewart v. White,* 19 Ida. 60, 112 Pac. 677; *McGowan v. Elder,* 19 Ida. 153, 113 Pac. 102; *Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 170; *Rice v. Rock,* 26 Ida. 552, 144 Pac. 786.

*Rice v. Rock, supra,* held the giving of notice of vital importance but the time within which it should be given directory and not mandatory. Thus, if no notice was given, it would be, under the holding of this case, a fatal defect. (See, also, *Dickerson v. Hansen,* 32 Ida. 18, 177 Pac. 760; *Davidson v. Kepner,* 37 N. D. 198, 163 N. W. 831; *Davenport v. Doyle,* 57 Okl. 341, 157 Pac. 110; *Bean v. Brownwood,* 91 Tex. 684, 45 S. W. 897.)

Section 3258, C. S., as amended in chapter 232, 1921 Session Laws, page 520, was in force at the time and provided as follows:

"The tax collector shall serve or cause to be served written or printed or partly written or partly printed notice on the person or persons in actual possession or occupancy of such land or lot and also the person in whose name the same stands upon the records in the recorder's office, if, upon diligent inquiry he can be found in the state, at least three months and not more than five months before the expiration of the time of redemption. . . . . If there is no person in the actual possession or occupancy of such land or lot and if the person in whose name it stands, upon diligent inquiry cannot be found in the state, then the tax collector shall post in a conspicuous place upon said land or lot and in a substantial manner a copy of said notice

not more than five and not less than three months before such time of redemption shall expire, and shall publish a notice of all such delinquency entries in the official newspaper printed in such county, and if no newspaper is printed in the county, then in the nearest newspaper that is published in this state to the said land or lots which notice shall be inserted three times at intervals of not less than one week, the first insertion not more than five months, and the last insertion not less than three months before the time of redemption expires and a copy of such notice shall within said time be mailed to the person in whose name the said land or lot stands on record, at his last known place of residence, and shall post a notice of all such delinquencies in every post office within the county.''

The notice required by the above was given by registered mail. No contention is made that it was so given under the latter provisions of the statute, it being conceded that Welch was in the actual, physical possession of the land. From reading this statute and referring to C. S., sec. 3260, it would seem conclusive that personal service must be made and such is the construction placed on similar statutes. (*Howell v. Jordan,* 94 Neb. 264, 143 N. W. 217; *In re Safe Deposit & Trust Co.,* 125 Md. 519, 94 Atl. 93; *In re Crafts,* 41 R. I. 63, 102 Atl. 753; see, also, 3 Cooley on Taxation, 4th ed., p. 2793, sec. 1410.)

The giving of notice has been held to be mandatory and lack of it fatal even though the taxpayer and owner of the property otherwise had actual notice, as herein. (*Armstrong v. Jarron, supra; Rice v. Rock, supra; Dickerson v. Hansen, supra; Bean v. Brownwood, supra; Davidson v. Kepner, supra; Davenport v. Doyle, supra; Burns v. State,* 25 Wyo. 491, 173 Pac. 55.)

*Armstrong v. Jarron, supra,* treated of two things: substantial compliance by the revenue officers with the statutes and injury to the taxpayer. Here there was not substantial compliance as indicated above and the facts bring the situation here considered within the doctrine of *Booth v.*

*Cooper*, 22 Ida. 451, 126 Pac. 776, clearly justifying the trial court's conclusion that the tax deeds were invalid.

Judgment affirmed. Costs to respondent.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.