(No. 7237.   October 2, 1945.)

D. J. SWEENEY, Appellant, v. F. W. HANMER, Administrator of the Estates of Charles F. Hanmer and Mata B. Hanmer, deceased, Respondent.

[162 Pac. (2d) 387.]

Alvin Denman for appellant.

E. H. Casterlin and Fred W. Snook for respondent.

BUDGE, J.—This case has been before the court on two former occasions, reported in 62 Ida. 544, 115 P. (2d) 109,

and 64 Ida. 695, 136 P. (2d) 973, to which reference may be had for a more complete statement of the facts.

The present action is against F. W. Hanmer, administrator of the estates of Charles F. and Mata B. Hanmer. Appellant seeks to recover the sum of $5,174.80, with interest, alleged to be the balance due for materials furnished, services rendered and labor supplied during the year 1937 arising out of the construction of a building at Salmon, Idaho. F. W. Hanmer, as administrator, denies there is any sum due appellant by reason of the construction of said building. The case was tried to the court and jury, resulting in a verdict in favor of respondent. This appeal is from the judgment entered upon the verdict, and from an order denying a motion for a new trial.

For reversal of the judgment appellant relies upon ten assignments of error. Summarized briefly, they are, (1) the trial court erred in its rulings on the admission and exclusion of evidence; (2) the court abused its discretion in refusing to request the jury to bring in a special verdict requested by appellant; (3) in refusing to give certain instructions requested by appellant.

Appellant's first and second assignments are directed to certain telephone conversations alleged to have been had between appellant and Dr. Hanmer, said objections being based on the ground that appellant was not qualified to testify to such conversations under the statute, I.C.A., sec. 16-202, subsec. 3, which provides:

"The following persons can not be witnesses: * * *

"3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any communication, or agreement, not in writing, occurring before the death of such deceased person."

The objections were sustained. Later on throughout the trial the statute was waived by both parties, consequently no prejudicial error was committed in this respect.

Appellant's third assignment of error is predicated upon the action of the court in permitting respondent to testify, over appellant's objection, to the value of all items fur-

nished in the construction of the building, first, that there was no pleading to support the admission of the testimony and, second, that appellant could not attack the items for the reason that there had been an account stated between appellant and Dr. Hanmer in the latter's lifetime.

Appellant's contention cannot be sustained upon the theory that there was an account stated between appellant and Dr. Hanmer. Appellant's pleadings fail to allege an account stated (1 Estee's Pleadings, §617) and the evidence fails to establish an account stated. As was said in *Davidson Grocery Co. v. Johnston*, 24 Ida. 336, 345, 133 P. 929:

"An account stated is a document, a writing, which exhibits the state of account between parties and the balance owed one to the other, and when assented to, either expressly or impliedly, it becomes a new contract. * * * But the account, in order to constitute a contract, should appear to be something more than a mere memorandum; it should show upon its face that it was intended to be a final settlement up to date, and this should be expressed with clearness and certainty."

In *Tolmie v. San Diego Fruit & Produce Co.*, 57 Ida. 631, 637, 68 P. (2d) 61, the rule is stated as follows:

"An account stated presupposes an absolute acknowledgement or admission of a certain sum due or adjustment of accounts between the parties, the striking of a balance, or an assent, express or implied, to the correctness of the balance. If the acknowledgment or admission is qualified and not absolute, or if there is but an admission that something is due without specifying how much, there is no account stated, nor does an account stated exist if there is but a partial settlement of accounts without arriving at a balance or if there is a dissent from the balance struck."

Appellant, to reenforce his contention that there was an account stated, calls attention to a letter written by Dr. Hanmer, January 14, 1938, in reply to a letter written by appellant to Dr. Hanmer December 27, 1937. An examination of these letters fails to disclose that there was an account stated, fails to make any reference to any definite sum of money due from Dr. Hanmer to appellant, and further fails to make any reference to the statement delivered

to Dr. Hanmer on December 3, 1937. Neither can the letters be construed as an assent as to the correctness of the statement of December 3, 1937, then in the possession of Dr. Hanmer. The contents of the letters are therefore insufficient to establish an account stated. Appellant's contention that it was an account stated is not maintainable for another reason, namely, that the statement rendered to Dr. Hanmer did no include all of the items or credits of the respective parties, since there was a credit allowed Dr. Hanmer seven months after the receipt by him of the alleged statement. An account stated becomes a new contract which exhibits the state of account between the parties and the balance owing one to the other, and two things must appear, first, a mutual examination of the claims of each other by the parties; and second, that there is a mutual agreement between them as to the correctness of the allowance and disallowance of the respective claims and of the balance, as it is struck upon the final adjustment of the whole account and demands on both sides. The minds of the parties must meet upon the allowance of each item or claim allowed, and upon the disallowance of each item or claim rejected. The court therefore did not err in admitting the testimony complained of. The action is one to recover a balance alleged to be due for work, labor and materials furnished in the construction of the building heretofore referred to, which being true, the court did not err in permitting respondent to attack each and all of the alleged items constituting the cost of the building.

Having disposed of assignment number three, it becomes unnecessary to discuss assignments four, five and six, since they involve substantially the same question raised under the third assignment. Suffice it to say, the pleadings were sufficient to justify the introduction of the testimony offered and complained of.

■ Assignment number seven urges that the court erred in overruling appellant's objection to a statement made to the jury by counsel for respondent to the effect that appellant violated his contract with Charles F. and Mata B. Hanmer by filing a lien on the building involved. It might be conceded the statement was unnecessary. However, appellant is not in position to complain for the reason that he referred to the lien, in that his own counsel asked appellant whether he had voluntarily released the lien with-

out being compensated, to which appellant answered that he had. Furthermore, there was a stipulation entered into between counsel to the effect that any part of the lien might be read to the jury during the course of the trial. The court did not commit reversible error in this respect.

Appellant complains of the action of the court in refusing to give certain requested instructions. We have examined with care all the instructions given by the court, and certain of the instructions offered by appellant given as modified, and the instructions refused by the court, and have reached the conclusion that the instructions, as a whole, were correct as applied to the facts.

There is no merit in the ninth assignment of error. The only question for the jury to determine was whether or not there was anything due to appellant under the allegations of his complaint, or whether he had been fully paid. This question was answered by them in their general verdict, which we are not disposed to disturb.

The last assignment of error complains of the action of the court in refusing to grant a new trial. There is not sufficient showing that the court abused its discretion in denying a new trial.

The judgment is therefore affirmed, with costs to respondent.

Ailshie, C.J., and Givens, Holden and Miller, JJ., concur.