237 P.2d 606

**LAWYER et al. v. SAMS et ux.**

No. 7803.

Supreme Court of Idaho.

Nov. 15, 1951.

Thomas A. Madden and Edward C. Butler, Lewiston, for respondents and cross-appellants.

Paul C. Keeton and Paul W. Hyatt, Lewiston, for appellants and cross-respondents.

PORTER, Justice.

For convenience we will hereinafter refer to the parties as plaintiffs and defendants. On and prior to January 2, 1932, plaintiff, Corbett Lawyer, was the record title owner of certain real property located near Lapwai in Nez Perce County. Upon said date, a tax deed to such property was

issued to Nez Perce County by its Treasurer and Ex-Officio Tax Collector for delinquent taxes for the year 1927. On July 14, 1932, Nez Perce County sold said real estate at public sale to defendant, J. E. Sams, for the sum of $296.68 and executed and delivered its deed to Sams. Whereupon defendants took possession of the property and have remained in possession thereof.

On March 25, 1933, plaintiffs commenced this action against defendants to quiet title as against said tax deeds. Defendants answered, claiming title by virtue of the deed from Nez Perce County. On September 11, 1950, plaintiffs filed a supplemental complaint praying that defendants be required to account for all rentals and profits from the premises. For reasons undisclosed by the record, the cause did not come on for trial until December 19, 1950. At the close of the trial, the court duly made and entered findings of fact and conclusions of law and entered judgment decreeing both the above mentioned tax deeds void and of no effect, quieting title to the premises in the plaintiffs, and granting judgment to defendants for the purchase price, with accrued interest, in the sum of $627.35. No costs were allowed to either party. From such judgment, defendants have appealed to this court. Plaintiffs have cross-appealed from that part of the judgment granting judgment to defendants for $627.35, and from the failure to grant plaintiffs their costs.

The specifications of error by defendants attack the judgment of the trial court decreeing the tax deed to Nez Perce County and the deed from Nez Perce County to defendant, Sams, to be null and void and of no force and effect. The validity of such deeds turns upon the question of whether the Treasurer and Ex-Officio Tax Collector of Nez Perce County served upon plaintiff, Corbett Lawyer, the required legal notice that unless said real estate was redeemed prior to the 2nd day of January, 1932, a tax deed would issue to Nez Perce County.

The law, as to service of notice, in effect at the time involved in this action, is contained in Chapter 181, 1931 Session Laws, page 298, the material part of which reads as follows: "The county treasurer as ex-officio tax collector shall serve or cause to be served either by personal service or registered mail with return receipt demanded, written or printed or partly written and partly printed notice on the person or persons in whose name the land or lot stands upon the records in the recorder's office. Said notice shall be served at least three months and not more than five months before the date upon which tax deed will issue. And shall be served personally, if by diligent search and inquiry said record title owner can be found within the county; otherwise, said notice shall be served by registered mail; provided, however, that when the board of county commissioners of any county shall determine by resolution

spread upon their minutes that the expense of personally serving any record owner will be so great as not to warrant the same, they may direct the treasurer to make service upon said record owner by registered mail as herein provided."

Defendants' Exhibit No. 4 is a resolution of the board of county commissioners of Nez Perce County, adopted August 11, 1931, purportedly made in pursuance of the 1931 Legislative Enactment. It reads as follows:

"Whereas, due and legal notice for failure to pay taxes for the year 1927 was given in the year 1931;

"Whereas, the legislature extended the time for paying 1927 taxes from three to four years;

"Whereas, under and by virtue of the said amendment extending said period of redemption, it will be necessary to again serve said owners of said real property and those interested therein; and,

"Whereas, no funds for such services were provided for in the 1930 budget and personal service and posting of notices will entail considerable expense for which no funds are available, and actual notice of said delinquency can be given by using the United States mail.

"Now Therefore, in consideration of the premises, be it resolved that the treasurer of Nez Perce County, Idaho be, and she is hereby instructed and directed to make service of all real property owners and those interest— therein whose taxes for the year 1927 are unpaid by mailing a copy of said notice to all record owners and those entitled to notice thereof, which notice shall be registered with a return receipt requested, as provided in Chapter 181, 1931 Idaho Session laws."

The tax collector's affidavit regarding service of notice upon plaintiff, Corbett Lawyer, was filed December. 31, 1931. The material part of the affidavit is as follows: "Affiant further says, that on August 21, 1931, in accordance with the resolution of the County Commissioners, she caused a partly printed and partly written notice to be sent to Corbett Lawyer at Lapwai, Idaho, by registered mail with a return receipt demanded. On August 24, 1931, affiant received said return receipt signed Corbett Lawyer as addressee by Ted Allman as addressee's agent, with the date of delivery shown as August 22, 1931. Said notice stated that Nez Perce County, Idaho, by operation of law became the purchaser of the Tax Lien on the second day of January, 1928, that the property was assessed in the name of Corbett Lawyer, that the property was taxed for the year of 1927 and that unless said property was redeemed prior to the second day of January, 1932, Nez Perce County, Idaho, would demand a deed for the property, as provided by law."

The evidence discloses that the Ted Allman mentioned in the affidavit of the tax collector, was the young nephew of Mrs.

Sams, residing in the home of plaintiffs. Both plaintiffs testified they never received the notice and the court so found. The court further found that at the time in question, plaintiffs were living at Lapwai in Nez Perce County, a short distance from the county seat of Lewiston.

It does not appear from the affidavit of the treasurer and tax collector that any search and inquiry, diligent or otherwise, was made to find the record title owner of the property within the county or any effort made to serve the notice personally. The only attempted service of the notice was by registered mail pursuant to the reso·lution of the board of county commission-ers.

█ The resolution of the board of county commissioners is a blanket resolu-tion directing the treasurer to make service by registered mail with return receipt re-quested, upon all property owners whose taxes for the year 1927 were unpaid. The resolution disregarded the provision of the then statute that before the county com-missioners could authorize service by reg-istered mail upon a record owner, they must determine by resolution spread upon their minutes that the expense of personal-ly serving such record owner would be so great as not to warrant the same. The fact, recited in the resolution, that the 1930 budget did not provide funds for personal service of notices, could not deprive a record owner of his right to the statutory notice. The blanket resolution of the board of county commissioners was insuffi-cient to authorize service of notice upon plaintiff, Corbett Lawyer, by registered mail.

Defendants contend, where service of notice by registered mail is expressly re-quired or authorized by statute in tax pro-ceedings, the service is complete and con-stitutes legal service when notice is reg-istered and mailed and that proof of actual receipt thereof is not essential. This rule appears to be recognized in Wasden v. Foell, 63 Idaho 83, 117 P.2d 465. How-ever, such rule has no application in the instant case as the defect in the giving of the notice arises from the fact that there was no legal authorization for service of notice by registered mail.

It may be admitted, as contended by de-fendants, that a tax deed is prima facie evi-dence of the regularity of all proceedings from the assessment to the execution of the tax deed and the burden is on the party attacking the deed to overcome this pre-sumption. The evidence herein overcomes the presumption of regularity by showing there was no legal service of the required notice.

█ The giving of the notice required by law is mandatory and the lack of it a fatal defect even though the owner of the property otherwise had actual notice. Johnson v. Welch, 48 Idaho 284, 281 P. 748; Dickerson v. Hansen, 32 Idaho 18, 177 P. 760; Rice v. Rock, 26 Idaho 552, 144 P

786; Armstrong v. Jarron, 21 Idaho 747, 125 P. 170; Dawson v. Anderson, 38 Okl. 167, 132 P: 666; Davenport v. Doyle, 57 Okl. 341, 157 P. 110; Davidson v. Kepner, 37 N.D. 198, 163 N.W. 831; Bean v. City of Brownwood, 91 Tex. 684, 45 S.W. 897.

In Johnson v. Welch, supra, notice was given by registered mail. This court held the statute required personal service of notice and that the subsequent tax deeds were invalid despite actual notice by registered mail.

In the syllabus to Dawson v. Anderson, supra, it is said: "In matters pertaining to tax sales, statutes prescribing the manner of service of notice and the issuance of tax deeds thereunder are mandatory and not directory." Such holding was reaffirmed in Davenport v. Doyle, supra.

The trial court did not err in holding the deeds in question were null and void and in quieting title in plaintiffs.

■ The brief of plaintiffs upon their cross-appeal contains no distinct enumeration of errors as required by Rule 52 of the Supreme Court. However, their contentions are obvious, fully presented in their argument, and we have determined to consider the same. Plaintiffs first complain that the court erred in finding that the rents and profits from the premises received by defendants substantially equaled in amount the taxes paid by defendants, and in giving judgment to defendants for the purchase price with accrued interest. The court made no finding as to the exact amount of rents and profits received by defendants. By stipulation of counsel the amount of taxes paid by defendants was to be furnished by counsel for defendants as an exhibit. However, such exhibit was not furnished to the trial court prior to entering of judgment but was thereafter filed as a part of the record in the Supreme Court by stipulation of counsel. The exhibit shows total taxes paid in the sum of $742.42.

■ The evidence as to the amount of annual rents and profits from the premises consisted of the testimony of Edward Salvis, son-in-law of defendants. While such testimony was indefinite and incomplete, it does appear therefrom with reasonable certainty that the aggregate amount of rents and profits from such real estate fully paid and exceeded the amounts due defendants for taxes and purchase price with accrued interest. The plaintiffs, in open court, expressly waived any claim for judgment for any such excess. It is, therefore, unnecessary for the exact amount of such rents and profits to be determined. The trial court erred in holding that the amount of taxes paid substantially equaled the amount of the rents and profits and in entering judgment for defendants for the purchase price of the premises with accrued interest.

■ Plaintiffs complain of the trial court's refusal to allow their costs. Under

the provisions of Section 12–102, I.C., costs are allowed of course to plaintiff upon a judgment in his favor in an action which involves the title or possession of real estate. The trial court erred in refusing to allow plaintiffs' costs.

The judgment of the trial court adjudicating the tax deeds to be null and void, and quieting title to the real estate in plaintiffs is affirmed. That part of the judgment entered in favor of defendants for the purchase price and accrued interest in the sum of $627.35 is reversed with direction to vacate same; and to allow plaintiffs their costs in the trial court. Costs are awarded to plaintiffs and cross appellants.

GIVENS, C. J., TAYLOR and THOMAS, JJ., and JACK McQUADE, District Judge, concur.