253 P.2d 589

**SALVIS et ux. v. LAWYER et ux.**

No. 7919.

Supreme Court of Idaho.

Feb. 10, 1953.

Felton & Jones, Lewiston, for appellants.

Edward C. Butler and Thomas A. Madden, Lewiston, for respondents.

PORTER, Chief Justice.

By this action appellants seek to quiet title to certain real estate described in the complaint on the ground of adverse possession. Respondents, in their answer and cross-complaint, assert that they are the owners of the real estate in question and pray that title thereto be quieted in them. On the trial of the cause the court found the issues in favor of respondents and entered judgment quieting title to the premises in respondents. From such judgment appellants appeal to this court.

Prior to the year 1932, respondents were the owners of the farm in issue. In that year the land was sold by Nez Perce County for taxes to one J. E. Sams who thereupon entered into possession of the property. On March 25, 1933, respondents herein commenced an action against J. E. Sams and wife to quiet title as against the tax deed. The cause did not come to trial until December 19, 1950. The trial court found in favor of Lawyer and wife and quieted title in them. The court also found that J. E. Sams and wife at all times since such tax sale had been in possession of said premises and had paid the taxes thereon. J. E. Sams and wife were credited with the purchase price and with the amount of taxes paid and were charged with the reasonable rental value of the premises during their possession. The cause was appealed to this court where the decree quieting title in Lawyer and wife was affirmed but the credits of and charges against J. E. Sams and wife were modified. Lawyer v. Sams, 72 Idaho 101, 237 P.2d 606. While such appeal was pending the complaint in this cause was filed July 23, 1951.

Appellant, Olive Salvis, is the daughter of J. E. Sams and wife; and during all the time with which we are herein concerned, appellant, Edward Salvis, has been her husband.

Appellants' first assignment of error is that the court erred in decreeing that respondents were the owners in fee simple and entitled to the possession of the property for the reason that they had not been seized and possessed of the lands within five years. This contention is made under the provisions of Sections 5–203, I.C., and 5–204, I.C., which provide that no action or defense to an action for the recovery of real property can be maintained unless the person prosecuting the action or making the defense or his predecessor in interest was seized or possessed of the premises in question within five years before the commencement of the action. This contention of appellants is answered by the provisions of Section 5–206, I.C., which section reads as follows:

"In every action for the recovery of real property, or the possession thereof, a person establishing a legal title to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the property by another person is deemed to have been under and in subordination to the legal title, unless it appear that the property has been held and possessed adversely to such legal title, for five years before the commencement of the action."

In 1 Am.Jur., Adverse Possession, § 3, p. 793, it is said:

"One who has a perfect title to real property is deemed to be in legal seisin and possession thereof. Such seisin is coextensive with the right, and continues until the owner is ousted by the adverse possession of another."

By their second and third assignments of error, appellants contend the court erred in adjudging and decreeing that appellants had no right, title or interest in the land and in finding that any claimed interest by appellants was by, through or under the title of J. E. Sams and Susan Sams, for the reason that the evidence shows appellants had acquired title by prescription.

Section 5-210, I.C., contains the following provision:

"Provided, however, that in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law."

The burden of proving each and every element of adverse possession by clear and satisfactory evidence is upon the party relying upon title by adverse possession. Hogan v. Blakney, Idaho, 251 P.2d 209. In the Hogan case we approved the language in Pleasants v. Henry, 36 Idaho 728, at pages 735-736, 213 P. 565, at page 567, as follows:

"All the authorities agree that, in order to bar the true owner of land from recovering it from an occupant in adverse possession and claiming ownership through the operation of the statute of limitation, the possession must have been, for the whole period prescribed by the statute, actual, open, visible, notorious, continuous, and hostile to the true owner's title and to the world at large.

*   *   *   *   *   *

"Hence, an open and notorious occupation with hostile intent is a necessary constituent of an adverse possession. Neither a hostile intent without such occupation, nor such occupation without hostile intent, is sufficient." [251 P.2d 214.]

It appears from the record that after J. E. Sams purchased the tax deed in 1932, appellants rented the premises from Sams and continued to rent the same with the exception of three years up to and including the year 1943. They occupied the premises at least part of that time. Appellants contend that in 1944, J. E. Sams orally transferred or agreed to transfer the property to Olive Salvis in consideration of all the money she had in her possession. The amount of such money is not disclosed. Olive Salvis in this regard testified as follows:

"Q. And why did you claim the ownership of the land? A. Because my father, he told me to give him all the money I had in my possession and

pay the taxes and I may have this Spalding ranch."

Appellants have continued to live upon the premises since 1944. The evidence is conflicting as to whether they have occupied the premises as tenants or under a claim of right by reason of the alleged oral transfer of the premises by J. E. Sams. The evidence of appellants on this point is not definite and certain and is unsatisfactory. The evidence of respondents indicates that Mrs. Salvis said in 1947 or 1948 that Sams owned the place and she was renting it; that in 1949 she said it was her Dad's place and that as late as 1950 she recognized that her mother had an interest in the place and would have to sign the deed if the place were sold.

Appellant, Edward Salvis, was a witness on behalf of his father-in-law in the trial of the case of Lawyer v. Sams, supra. He therein testified that Sams had been in possession of the property ever since he purchased it. He further testified as to the rents and profits from the place from 1943 to the time of trial and that he paid rent to Sams up to at least 1947. He made no claim that the rents and profits from the premises belonged to him after 1944 and not to his father-in-law. In the present trial he testified that he knew Mr. Sams in the former trial was claiming to have paid the taxes on the property up until the date of that trial.

It appears from the record that the taxes on the land in question were paid by appellants from 1944 to time of trial but that the land was assessed to J. E. Sams. The tax receipts show payment by J. E. Sams by appellants. The court found under the evidence that such payment of taxes was made by appellants as agents for J. E. Sams and for his use and benefit and not in support of any claim of ownership of the land by appellants.

The finding of the trial court that appellants have wholly failed to establish any claim to said lands and premises by adverse possession or otherwise, except as claimants by, through or under J. E. Sams and wife, is sustained by substantial though conflicting evidence and will not be disturbed by this court. Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585; Hancock v. Halliday, 70 Idaho 446, 220 P.2d 384; Fogelstrom v. Murphy, 70 Idaho 488, 222 P.2d 1080.

By appellants' fourth and last assignment of error it is urged that the court erred in finding that the case of Lawyer v. Sams was res adjudicata on all the issues involved in this case. This holding of the trial court is contained in its conclusions of law. Appellants do not contend that the case of Lawyer v. Sams is not res adjudicata as against any claim appellants have or might make of title accruing by or through an oral conveyance or agreement to convey by J. E. Sams. Appellants do contend that such case would not be res adjudicata in this action on the question of adverse possession. In this

474

contention we think appellants are correct. However, the court having specifically found that appellants had failed to prove title by adverse possession, the conclusion of law by the court that the Lawyer v. Sams case was res adjudicata on such issue was harmless error. The finding of the court that appellants failed to prove title by adverse possession is sufficient to support· the judgment. Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345; Bolen v. Baker, 69 Idaho 93, 203 P.2d 376; Wood v. Williamson, 44 Idaho 719, 260 P. 158; Howell v. Khan, 42 Idaho 277, 245 P. 86.

The judgment of the trial court is affirmed. Costs to respondents.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.