327 P.2d 775

Henry **LARSON** and Nancy Mae Larson, husband and wife, Plaintiffs-Appellants,

v.

J. Colin **LINDSAY** and Aileen Lindsay, husband and wife, Defendants-Respondents.

No. 8624.

Supreme Court of Idaho.

July 7, 1958.

James W. Wayne, Coeur d'Alene, for respondents.

J. Ward Arney, Pat W. Arney, Coeur d'Alene, for appellants.

SMITH, Justice.

Appellants brought this action primarily for the purpose of establishing an existing fence as the boundary line between appellants' and respondents' adjoining lands.

All of the land involved in the action is situate in the Southwest Quarter of the Southwest Quarter of Section 1, Township 49 North of Range 4 West of the Boise Meridian in Kootenai County, Idaho.

Pete Nilson, patentee in 1901, of the West Half of the Southwest Quarter of said Section 1, duly conveyed the property April 25, 1906, to John L. Nelson.

The record shows that a fence existed on the land as early as the summer of 1905, and still was in existence in 1917, which followed substantially the course alleged in this action to be the boundary fence line as follows:

"Beginning at a point on the shore of Lake Coeur d'Alene, marked by an iron pipe and being in line with an old fence line from which the SW corner of said Section 1, bears S 83° 40′ W and 530.7 feet distant; thence N 6° 15′ W along an old fence line, 89.4 feet to an iron pipe; thence N 14° 11′ E along an old fence line, 94.7 feet to an iron pipe; thence N 22° 23′ E along an old fence line, 35.75 feet to an iron pipe; thence N 38° 15′ W along an old fence line, 15.83 feet to an iron pipe; thence N 62° 45′ E along an old fence line, 40.5 feet to a fir tree being the fence corner; thence N 37° 37′ E. along an old fence line, 102.7 feet to a 24″ pine tree being the fence corner; thence N 8° 49′ E along an old fence line, 35.6 feet to a 24″ pine tree being the fence corner; thence N 43° 39′ E along an old fence line, 42 feet to a point of intersection with the Northerly line of Tax Number 4479 as established by the Moser survey of 1950 and evidenced by iron pipe set along said line in the field; thence S 78° 15′ E along said Northerly line, 358.6 feet to the Northwesterly line of Tax Number 1107; thence N 44° 23′ E along said Northwesterly line as indicated in deed, Book 104, Page 505, to the East line of the SW¼ of the SW¼ of said Section 1;"

Maude A. Lindsay, mother of respondent J. Colin Lindsay, by duly recorded mesne conveyances, commencing from John L. Nelson and wife, May 10, 1919, to F. S. Colquhoun, acquired a part of the property April 15, 1932, described as follows:

"Beginning at a point in the southwest quarter of the southwest quarter of Section 1, from which the corner of Sections 1, 2, 11 and 12 bears South 78 degrees 17′ west 891.3 feet, said beginning point being identical with the

beginning point #1 of tract of land transferred to the Boat Club and recorded in book 30 of deeds on page 499 in the County Recorder's office, thence North 44 degrees 23′ East 250.0 feet to point #2, thence North 78 degrees 15′ West 459.6 feet to point #3, thence south 44 degrees 23′ West 250.0 feet to point #4, thence South 200.0 feet to the shore of Coeur d'Alene Lake to point #5, thence meandering the shore of said lake in an easterly direction to a point marked by a cross on rock to point #6, said point being 200.0 feet south of the point of beginning, thence North 200.0 feet to the point of beginning, being part of the Southwest ¼ of the Southwest ¼ of Section 1, and Lot 1, Section 12, Township 49 North Range 4 West of Boise Meridian, containing 4.28 acres, together with all riparian rights along said lake shore."

This tract is herein sometimes referred to as the original Maude A. Lindsay tract, also as Tax No. 1572, as designated in the office of the Assessor of Kootenai County.

Maude A. Lindsay, by duly recorded conveyances dated April 17, 1943, quite equally divided this property between her two sons; thereupon said Assessor divided Tax No. 1572 and designated the two parts as Tax No. 4479 and Tax No. 3034. Respondent J. Colin Lindsay obtained from his mother title to the following described tract:

"Beginning at a point in the SW¼ of the SW¼ of Section 1, Township 49 North Range 4 W.B.M. from which the corners of Sections 1, 2, 11 and 12 in Township 49 North, Range 4 W.B. M. bear South 71 Deg. 5′ West 705.5 feet; thence North 30 deg. 26′ East 222.2 feet to a point; thence North 78 deg. 15′ West 206.2 feet to a point; thence South 44 deg. 23′ West 250 feet to a point; thence due South 200 feet to a point; thence South 78 deg. 15′ East 269.8 feet to a point; thence North 200 feet more or less to the point of beginning, said tract of land so bounded and described comprising 2.36 acres more or less;"

known and designated as Tax No. 4479 in said Assessor's office.

The fence claimed by appellants as a boundary is situate approximately midway between the west line of the original Maude A. Lindsay tract and the east boundary line of respondent J. Colin Lindsay's tract, dividing his property from the tract of his brother, Roderick A. Lindsay, to the east, which latter tract became designated as Tax No. 3034 in said Assessor's office.

Appellants during 1931 "looked over" the property which they now own, situate in the said Southwest Quarter of the Southwest Quarter. March 11, 1938, by deed

from John L. Nelson and wife they acquired the property, described as:

"The Southwest Quarter of the Southwest Quarter of Section 1, Township 49 North, Range 4 West B.M. *except parts heretofore deeded* and also reserving a twenty foot roadway in the Northeast corner." (Emphasis supplied.)

and so described in paragraph 8 of appellants' complaint, and shown by respondents' Exhibit C, being their abstract of title to said land. Said abstract of title also shows the excepted "parts heretofore deeded" in that it shows abstracted entries of the conveyance by John L. Nelson and wife, of May 10, 1919, to Colquhoun, and other mesne conveyances whereby Maude A. Lindsay acquired the land and by her later divided and conveyed to her two sons, including respondent J. Colin Lindsay.

Appellants in their complaint allege that the deed of March 11, 1938, whereby they obtained title to said Southwest Quarter of the Southwest Quarter "except parts hereofore deeded," sets forth a mistaken description, not discovered by them until respondent J. Colin Lindsay, during 1955, claimed that the fence was not the boundary line between his and appellants' properties. Appellants further allege their adverse possession of the disputed area (constituting one acre more or less and being about 128 feet wide at the south end bordering Lake Coeur d'Alene) extending from the alleged fence line west to the westerly boundary line of the original Maude A. Lindsay tract, deeded by her to her two sons, including respondent J. Colin Lindsay.

Appellants sought the decree of the court establishing the alleged boundary line as the true dividing line between their land and that of respondents and in effect quieting in them title to the disputed area.

Respondents in their answer generally deny the material allegations of the complaint, particularly that any mistake occurred in the description contained in any deed of either of the parties to the properties, or that appellants ever adversely possessed the disputed area, or paid taxes thereon. Respondents then affirmatively allege that appellants during 1955 openly acknowledged respondents as owners of the disputed strip of land, and further, that the fence was erected solely as a stock fence for the purpose of keeping cattle off the occupied portion of respondents' property and away from a spring serving respondents and others as a source of drinking water.

The trial court, at the conclusion of a trial of the issues, made findings of fact and conclusions of law, and thereupon entered judgment in effect quieting in respondents title to certain properties in-

cluding the property which Maude A. Lindsay conveyed to her son, respondent J. Colin Lindsay, by the deed of April 17, 1943 (Tax No. 4479), as well as by a later deed whereby she conveyed to said respondent the land extending south from the southerly boundary of said respondent's property to the shore line of Lake Coeur d'Alene.

Appellants perfected an appeal from said judgment and from the trial court's order denying their motion for a new trial.

Appellants, while they question certain of the findings of fact and conclusions of law of the trial court, by their specifications of error raise the question of the sufficiency of the evidence to sustain the judgment. We, therefore, shall review the record only so far as to determine whether there is sufficient competent evidence to sustain the findings and judgment of the trial court.

While appellants allege mistake in mesne conveyances describing the westerly boundary line of respondent J. Colin Lindsay's property, the evidence is insufficient to support any theory of mistake. Said westerly boundary line is shown to be in accordance with the metes and bounds description commencing as of the time of the conveyance to Colquhoun, May 10, 1919, and contining to the time of the conveyance to Maude A. Lindsay, April 15, 1932 (Tax No. 1572), and to the time of her conveyances to her two sons, (Tax Nos. 4479 and 3034), April 17, 1943, and thereafter so designated in the office of the Assessor of Kootenai County, to the time of trial of the cause during June 17 and 18, 1956.

Further, the undisputed evidence shows that at no time did appellants question the recorded metes and bounds description of the westerly boundary of respondents' tract. The evidence, though somewhat conflicting, also is sufficient to show that appellants did not question respondents' ownership of the disputed area, until sometime after the summer of 1955.

We now shall dispose of the matter of appellants' asserted adverse possession of the disputed area.

I.C., sec. 5–210 reads:

"For the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:

"1. Where it has been protected by a substantial inclosure.

"2. Where it has been usually cultivated or improved.

"Provided, however, that in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied

and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law."

Appellants' claim to the disputed area is not founded upon "a written instrument, judgment or decree."

The evidence is sufficient to sustain the finding of the trial court, that the disputed area has not been protected by a substantial inclosure by appellants or their predecessors. In that connection the evidence shows that the fence was constructed originally and thereafter maintained only for the purpose of serving as a so-called cattle guard, to keep cattle from entering into certain of the beach area and away from springs utilized for domestic purposes by respondents and others; also that appellants did not repair or maintain the fence except in a minor instance in 1940 in connection with pasturing a pony.

The evidence likewise is sufficient to sustain the finding of the trial court, that the disputed area has not been usually cultivated or improved by appellants or their predecessors. The evidence shows no cultivation or improvement of the area. It shows that, at times, appellants cleared driftwood and debris from the beach of this area and the nearby area, for the purpose of decreasing the fire hazard to their own nearby premises, and shows their removal of two trees, but the evidence fails to disclose respondents' knowledge thereof; whereas, the evidence shows appellants' extensive improvement and utilization of their own beach area situate but a short distance westerly from the disputed area.

■ Neither of the two statutory requirements, of inclosure, and cultivation or improvement, for the continuous 5-year statutory period, is sufficient to establish title by adverse possession, unless conjunctively, it be established that the party so claiming shall have paid taxes and assessments levied and assessed against the property continuously during such statutory time. Appellants failed in their proof of such statutory requirement.

The undisputed evidence shows that the original Maude A. Lindsay tract was designated as Tax No. 1572 for the purposes of taxation in the office of the Assessor of Kootenai County, and that such tract was excluded from the tax notices addressed by the assessor's office to appellant Henry Larson and by him received, relative to taxes levied against his property situate in said Southwest Quarter of the Southwest Quarter.

The undisputed evidence also shows that when Maude A. Lindsay transferred her original tract to her two sons, including respondent J. Colin Lindsay, that thereupon

the Assessor, for purposes of taxation, divided the description of the original Maude A. Lindsay tract, represented by Tax No. 1572, into the two descriptions identically corresponding respectively with the descriptions of the parcels which Maude A. Lindsay conveyed to her two sons, including J. Colin Lindsay; that thereupon, for tax purposes, the Assessor designated as Tax No. 4479 the parcel which respondent J. Colin Lindsay received, and as Tax No. 3034 the parcel which his brother Roderick A. Lindsay received; also that again, the Assessor excluded the lands, represented by such tax numbers, from the tax notices addressed by his office to appellant Henry Larson, and by him received, relative to taxes levied against his property situate in said Southwest Quarter of the Southwest Quarter.

All of appellants' tax notices introduced in evidence show the tax exceptions aforesaid.

Further, the record of the assessor's "Property Field Appraisal" introduced in evidence, relating to respondents' property, and designated as Tax No. 4479, shows an appraised value of the property for tax purposes, based upon 250 feet of lake shore; and such lake shore showing corresponds approximately to the showing of respondents' lake shore, which included the lake shore of the disputed area, indicated by all the maps and plats introduced in evidence.

■ The finding of the trial court that appellants did not nor did their predecessors pay taxes and assessments levied and assessed against said properties, is fully sustained by such undisputed evidence.

■ Inasmuch as appellants failed to assume the burden of proof of their adverse possession of the disputed area, their alleged possession of such property under any other theory "is deemed to have been under and in subordination to the legal title" which respondents duly established, with the accompanying presumption of respondents having been "possessed thereof within the time required by law." I.C., sec. 5–206; Salvis v. Lawyer, 73 Idaho 469, 253 P.2d 589; Beneficial Life Ins. Co. v. Wakamatsu, 75 Idaho 232, 270 P.2d 830. Appellants failed to overcome this statutory presumption of respondents' seisin.

Appellants rely upon the holdings of the leading fence cases of this State, being Bayhouse v. Urquides, 17 Idaho 286, 105 P. 1066; Strahorn v. Ellis, 66 Idaho 572, 165 P.2d 294; Mulder v. Stands, 71 Idaho 22, 225 P.2d 463; Calkins v. Kousouros, 72 Idaho 150, 237 P.2d 1053, and Edgeller v. Johnston, 74 Idaho 359, 262 P.2d 1006. None of those cases support the bare proposition that a fence, existing for the statutory period or longer, converts it into a boundary. And in the light of the referred to evidence which fully supports the judgment of the trial court, appellants'

case must fall, since it is supported only by such false premise.

■ Fundamentally, the rule that ancient fences may constitute legal boundaries, is immutably predicated upon a clear and satisfactory showing of adverse possession of the disputed premises. In Brown v. Brown, 18 Idaho 345, 110 P. 269, this Court announced such rule in language as follows:

"Where one seeks to procure title to another person's land under the rule of long acquiescence or adverse possession, he must establish his right by clear and satisfactory evidence."

See also Simmons v. Perkins, 63 Idaho 136, 118 P.2d 740; Salvis v. Lawyer, supra; Flora v. Gusman, 76 Idaho 188, 279 P.2d 1067.

The fence cases referred to are clearly distinguishable on the facts and the law applicable thereto, from the instant case. All of them recognize the theory of ripened title to premises in one who has actually occupied and claimed the same up to an asserted boundary fence, openly, notoriously and adversely, for the statutory period of time or more, under such circumstances that the record title owners and successors knew or ought to have known of such occupancy. In the instant case the evidence is not only insufficient to show adverse possession by appellants of the disputed area, but is insufficient to show any knowledge of, or acquiescence in, any adverse possession or statutory component thereof, on the part of respondents.

■ This Court has repeatedly held that where the findings of the trier of facts are supported by substantial and competent, though conflicting evidence, the findings will not be disturbed on appeal, I.C., sec. 13–219; Strahorn v. Ellis, supra; Watkins v. Watkins, 76 Idaho 316, 281 P.2d 1057; Summers v. Martin, 77 Idaho 469, 295 P.2d 265; Shellhorn v. Shellhorn, 80 Idaho 79, 326 P.2d 64.

The judgment of the trial court is affirmed. Costs to respondents.

KEETON, C. J., and PORTER, TAYLOR and McQUADE, JJ., concur.