373 P.2d 336

H. R. O'HARROW, Plaintiff-Respondent,

v.

SALMON RIVER URANIUM DEVELOP-
MENT, INC., an Idaho Corpora-
tion, Defendant-Appellant.

No. 9068.

Supreme Court of Idaho.

July 13, 1962.

**428**

Charles Herndon, Salmon, for appellant.

Fred Snook, Salmon, for respondent.

KNUDSON, Justice.

Respondent, plaintiff, during June, 1958, was employed by appellant, defendant, as a bookkeeper, accountant, and office manager at a salary of $10,000.00 per year. Respondent claims that said salary was to be paid in cash, while appellant contends that it was to be paid at the rate of $500.00 per month in cash and the balance in stock of the company.

On about December 16, 1959, appellant closed the office in which respondent had been employed. On January 4, 1960, appellant gave respondent two checks, one for $2300.00 and the other for $700.00. On the same date (January 4, 1960) respondent prepared a statement of wages earned from January 1, 1959, and wages paid to and including January 4, 1960, which statement was signed by Wm. Wilcox, president of appellant corporation, and respondent.

On March 21, 1960, respondent caused to be served upon appellant a written demand dated March 19, 1960, for $2,098.73 as wages due, also notified appellant that if payment was not received within five days, and suit brought thereafter, respondent would ask for attorney's fees and penalty as provided in I.C. § 45–606. Said demand not having been met this action was commenced on March 29, 1960, seeking judgment for wages due, penalty and attorney's fees.

Appellant filed counter-claim seeking damages in the amount of $2,000.00 for alleged negligent and careless manner in which respondent performed his services to appellant.

The trial court, sitting without a jury, entered judgment in favor of respondent in the sum of $1,954.73 as wages due, plus $142.39 interest, together with $583.31 penalty and attorney's fees in the sum of $700.-00. This appeal is from said judgment.

By written stipulation filed herein the parties agreed that the issues of fact to be tried were:

"1. The amount Plaintiff was to be paid for his services;

"2. The manner in which Plaintiff was to be paid for his services;

"3. The balance, if any, owing from the Defendant to the Plaintiff;

"4. The negligence, if any, of the Plaintiff;

"5. The damages, if any suffered by the Defendant from any negligence of the Plaintiff."

Appellant's assignments of error challenge the sufficiency of the evidence to support the findings of fact and claim that the allowance of penalty, interest and attorney's fees was in error.

The parties are not in dispute as to when respondent's full time employment by appellant was originally discussed and became effective and that his wages were to be $10,000.00 per year. They do disagree as to the manner in which respondent was to be paid for his services. Appellant contends that respondent agreed to take stock for all wages in excess of $500.00 per month, and respondent claims that his wages were to be paid in cash. The evidence submitted by respondent as to the manner in which he was to be paid for his services is in direct conflict with evidence introduced by appellant. The trial court found that the evi-

dence does not support appellant's said contention and, since the evidence submitted on this issue is competent and conflicting it will not be disturbed on appeal. Manley v. MacFarland, 80 Idaho 312, 327 P.2d 758; Larson v. Lindsay, 80 Idaho 242, 327 P.2d 775.

Appellant strenuously urges that the writing which was signed by the parties on January 4, 1960, constitutes an account stated and therefore precludes the allowance of penalty, interest and attorney's fees in this action. The writing referred to was admitted as Plaintiff's Exhibit "A" and is in words and figures as follows:

"January 4, 1960

| | |
|---|---|
| Wages Jan 1–Dec 16 '59 | 9596.73 |
| Drawings thru Jan 4, 1960 | 7498.00 |
| Bal – | 2098.73 |

H. R. O'Harrow
Wm. Wilcox"

In explanation of when and under what circumstances Plaintiff's Exhibit "A" was prepared and signed, respondent testified that when he and Mr. Wilcox met on January 4, 1960, Mr. Wilcox asked respondent how much appellant owed him and he (respondent) simply figured up what he had coming and wrote it down and both parties signed it. There is no evidence that they were in disagreement as to the amount or that any adjustment of the figures was discussed or considered. Mr. Wilcox had no different explanation as to how said exhibit originated.

The trial court found that "Plaintiff's Exhibit 'A' is an agreed memorandum of balance of wages due in the sum of $2098.73", and nothing more. The evidence submitted in explanation of when and under what circumstances plaintiff's Exhibit "A" was prepared and signed is not convincing that there was an actual settlement or adjustment between the parties. We conclude that the evidence sustains such finding.

In Davidson Grocery Co. v. Johnston, 24 Idaho 336, 133 P. 929, this Court quoted with approval the following definition of an account stated:

"An account stated is a document, a writing, which exhibits the state of account between parties and the balance owed one to the other, and when assented to, either expressly or impliedly, it becomes a new contract. An action upon it is not founded upon the original items, but upon the balance agreed to by the parties. *But the account, in order to constitute a contract, should appear to be something more than a mere memorandum;* it should show upon its face that it was intended to be a final settlement up to date, and this should be expressed with clearness and certainty." (emphasis supplied)

To constitute an account stated the transaction must be understood by the

parties as a final adjustment of the respective demands between them and the amount due. An account stated becomes a new contract which exhibits the state of account between the parties and the balance owing one to the other, and two things must appear, first a mutual examination of the claims of each other by the parties; and second, that there is a mutual agreement between them as to the correctness of the allowance and disallowance of the respective items or claims and of the balance as struck upon the final adjustment of the whole account and demands on both sides. (Sweeney v. Hanmer, 66 Idaho 462, 162 P. 2d 387.) An account stated must receive the assent of both parties; the minds of the parties must meet for an account becomes stated only by reason of acquiescence in its correctness. These parties merely agreed as to the amount of wages unpaid as of that date.

■ The record does not show that the parties at the time of, or immediately before Exhibit "A" was signed, discussed the manner of payment. There was no attempt to settle that issue. The court properly treated the exhibit as a mere memorandum evidencing the balance due. There was not such a statement of account or settlement as to preclude respondent from maintaining this action for wages due.

Appellant argues that there is no evidence in the record as to the length of respondent's employment; that plaintiff's Exhibit "A" is the only evidence as to date of termination of such employment; that the only evidence that respondent was discharged is the demand notice (Plaintiff's Exhibit "B") which respondent caused to be served upon appellant on March 20, 1960. There is no merit to such contentions. The written stipulation for pre-trial order states that respondent was employed by appellant between the 1st day of July, 1958 and the 16th day of December, 1959, and such fact is also alleged in appellant's counterclaim. Respondent's testimony that Mr. Wilcox told him to close the office is not refuted.

The record shows that a demand in writing as required by I.C. § 45–605 (entitling respondent to claim a reasonable attorney's fee) was made by respondent and the parties stipulated that the amount ($700.00) as prayed for would be considered a reasonable attorney's fee if any be awarded. The parties also stipulated that $144.00 was the correct social security payment to be withheld if the amount claimed by respondent was found to be due.

■ Appellant introduced evidence in support of its counterclaim, however the trial court concluded, after considering the conflicting evidence submitted, that appellant's claim is without merit and should be dismissed.

The record discloses that the trial court considered all of the stipulated issues of

fact and that the finding and judgment are supported by competent evidence. Judgment affirmed. Costs to respondent.

SMITH, C. J., and TAYLOR, McQUADE and McFADDEN, JJ., concur.